F. Lee **ROBINSON**, Executor of the Estate of Fred L. Robinson, Deceased, Plaintiff,

v.

The **UNITED STATES** of America Defendant.

Civ. No. 1078.

United States District Court, D. Montana, Billings Division.

Oct. 30, 1973.

As Amended Jan. 13, 1974.

Donald D. Cole, Granat & Cole, Stephen Granat, Malta, Mont., for plaintiff.

Roger M. Olsen, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., Otis L. Packwood, U. S. Atty., Dist. of Montana, Billings, Mont., for defendant.

ORDER

BATTIN, District Judge.

Presently pending in this action is a motion for judgment filed by the defendant. It is certain that the pivotal issue in this cause is one of law.

The facts in this action may be easily reviewed. The decedent, Fred L. Robinson, died testate on November 25, 1969, a resident of Malta, Montana. The will which was executed by the decedent on November 25, 1968, was admitted to probate and F. Lee Robinson was appointed executor. The will provided that the surviving spouse of the testator receive one-third of the residuary estate. The Federal Estate Tax Return (Form 706) was timely received by the Internal Revenue Service on January 11, 1971, in which the reported gross estate of the decedent amounted to $1,183,670.35, with total deductions, which included exemptions of $535,686.98, leaving a reported taxable estate of $647,983.37. Subsequent to the receipt of the payment of the estate tax, the Internal Revenue Service reduced the amount allowable

as a marital deduction and assessed an estate tax deficiency of $26,496.70 with interest of $1,698.69 on April 10, 1972. F. Lee Robinson filed a claim for the sum of $28,195.39, which was received by the Internal Revenue Service on March 20, 1972. The Internal Revenue Service disallowed the claim on August 24, 1972.

The plaintiff brings this action for the recovery of United States taxes allegedly illegally and erroneously assessed and collected from the plaintiff as executor of the estate of Fred L. Robinson, deceased. Jurisdiction is conferred upon the court by 28 U.S.C. § 1346(a)(1).

The question presented in this action is whether the surviving spouse's share of the residuary estate is exempt from the proportional share of the Federal Estate Tax. It is the contention of the taxpayer here that only this one-third share of the residuary estate, but not the other two-thirds shares, is to be exempted from the burden of paying the death taxes. The effect of making this exemption, of course, is that the surviving spouse's one-third share is larger in amount than that of both of the other one-third shares of the residuary estate. It is to the advantage of the estate and the surviving spouse to exempt the marital share from these taxes, because, the larger the size of the bequest to the surviving spouse, the greater will be the amount of the marital deduction and the smaller will be the size of the taxable estate.

■■ It is well settled that whatever portion of a decedent's estate must bear the burden of the Federal Estate Tax is determined by the testator. The testator may direct the source of payment of death taxes in his will and thereby guarantee that his estate will receive the maximum marital deduction and that the property passing to his spouse will not be reduced by federal estate taxes. In the instant case, the testator made no reference to the source of the payment of the death taxes in his will.

■ In the absence of direction by the testator, it is equally well settled that state law determines what portion of decedent's estate must bear the burden of the Federal Estate Tax. The ultimate question in this action, therefore, is whether there exists any Montana law on this question.

Clearly, no Montana statute exists which expressly provides for the payment of death taxes from property other than that which is to pass to the surviving spouse, in the absence of direction from the testator. However, plaintiff argues that the Montana Supreme Court, through Marans v. Newland, 143 Mont. 388, 390 P.2d 443 (1968), has adopted that rule.

This court does not accept that argument. In *Marans,* the largest portion of the taxable estate was nonprobate property jointly owned by the testator and his son and daughter. The decedent's widow, who was to take the residue of the estate, argued that taxes should be apportioned between the residue and jointly owned property. In other words, she argued that she was not required to pay or have deducted from her share of the estate any part of the Federal Estate Tax which arises from the property jointly owned by the deceased and his children.

The court found merit in the widow's argument:

"* * * [T]he more recent cases have recognized that the new situation requires a new response and, on the theory of equitable apportionment, have held that the burden of federal estate taxes must be equitably allocated between probate and nonprobate property in the decedent's taxable estate [citation omitted].

"We adopt the latter view . . . ."

*Marans* at page 392–393, 390 P.2d at page 445.

This court concludes that the Montana Supreme Court's adoption of the "equitable apportionment" rule has little relation to the case at bar. The widow Rob-

inson has an undivided one-third remainder interest in the estate. The other residuary beneficiaries are also family members. The widow is not paying taxes, but the estate as a whole is paying. There is no legal or policy justification in the instant case for the exemption of one undivided one-third interest in the gross estate from the payment of taxes, while requiring the other two-thirds to bear the burden.

In the *Marans* case there is a policy justification. The estate was not as large as the Robinson estate. The Marans estate consisted primarily of property jointly held by the decedent and his son and daughter. The Marans children were to receive the largest portion of the decedent's property, which was includable in the taxable estate. Yet, if taxes were not apportioned, the Marans widow's share would be reduced to the point of a possibility of disinheritance.

 In addition to the *Marans* case, plaintiff relies upon the argument that the purpose of the marital deduction was to equalize the effect of estate taxes in community and common law jurisdictions. This court concludes, with the defendant, that all Congress did in enacting Section 2056 was to provide each state the opportunity, either by testator intent or by statute, to exempt or allocate, however desired, the surviving spouse's share of the estate with respect to Federal Estate Taxes. Robinson could have included a clause in his will such as the following:

"No part of any interest passing to my wife to be limited, reduced, or lessened by any taxes or debts of this estate."

The testator did not include any such clause.

The only Montana statute which seems to apply is 91–303, R.C.M., 1947, which reads:

"The property of a testator, except as otherwise specially provided for in this Title, must be resorted to for the payment of debts, in the following order:

"1. The property which is expressly appropriated by the will for the payment of the debts;

"2. Property not disposed of by will;

"3. Property which is devised or bequeathed to a residuary legatee;

"4. Property which is not specifically devised or bequeathed; and,

"5. All other property ratably. Before any debts are paid, the expenses of the administration and the allowance to the family must be paid or provided for."

For the foregoing reasons, it is hereby ordered that the above constitute this court's Findings of Fact, and Conclusions of Law, and that judgment be granted for the defendant. The clerk is directed to enter judgment for the defendant accordingly.