**Olive May THAYN, Executrix of the Estate of Joseph K. Thayn, Deceased, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. C 244–73.**

United States District Court,
D. Utah, C. D.
Aug. 20, 1974.

---

John E. Runyan, Salt Lake City, Utah, for plaintiff.

Scott P. Crampton, Asst. Atty. Gen., Stanley F. Krysa, Stephen J. Swift, Attys., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

ALDON J. ANDERSON, District Judge.

Joseph K. Thayn (hereinafter referred to as the decedent) died on July 7, 1970, leaving an estate in the state of Utah. Plaintiff Olive May Thayn, the wife of the decedent, is the duly qualified and acting Executrix of the decedent's estate. The decedent was survived by his wife, and two children. All of the decedent's property passed pursuant to the terms of his will.

As required by law, the Executrix filed a federal estate tax return on October 8, 1971. Said return claimed a marital deduction but also indicated that the federal estate taxes and the state inher-

itance taxes[1] were to be distributed and paid, pro rata, by all of the beneficiaries including the wife. The marital deduction claimed on the return was accordingly reduced by the amount of the wife's share of the estate taxes as indicated on the decedent's estate tax return.

During the course of an audit of the subject estate tax return, representatives of the estate notified the Internal Revenue Service that it was their belief that the estate tax return was not correct because said return reflected an improper figure for the marital deduction, in that the wife's share of the residuary portion of decedent's estate was charged with a proportionate amount of the federal estate tax. The Internal Revenue Service rejected this contention and, because a timely disclaimer of interest had not been filed pursuant to 26 U.S.C. § 2056(d)(2)(A), required payment of estate taxes in accordance with the formula utilized in the federal estate tax return as it was initially prepared and filed. The estate's claim for refund was disallowed May 4, 1973, and the plaintiff subsequently initiated this action seeking to recover the sum of $39,544.76, plus interest. The foregoing sum is thought to approximate the excess amount of federal estate tax paid if it is determined that the portion of the wife's marital deduction contained in the residuary portion of the decedent's estate should not have been charged with any of the federal estate tax.

Jurisdiction of this matter is properly before the court on the basis of 28 U.S.C. § 1346(a). The sole legal issue, as characterized by the parties in a joint stipulation of facts filed with the court, is whether the surviving spouse's portion of the decedent's residuary estate must bear its proportionate share of federal estate taxes, thereby reducing the amount of the marital deduction permissible under Section 2056 of the Internal Revenue Code of 1954. A second-

ary issue to be resolved by the court is effect to be given in these proceedings, an order entered in the Third Judicial District in and for Salt Lake County, State of Utah, on November 16, 1972, which stated:

> . . . The Federal Inheritance taxes are taxes upon the beneficial interest of the children's share of the estate and in conjunction therewith the Executrix is hereby directed in calculating the distributive share of the estate to charge against the share attributable to . . . (the children) Federal Income Taxes (sic) levied upon the estate.

■ Congress created the marital deduction in an effort to equalize the effect of estate taxes in common law and community property jurisdictions. *E. g.,* United States v. Stapf, 375 U.S. 118, 128, 84 S.Ct. 248, 255, 11 L.Ed.2d 195 (1963). In *Stapf, supra,* the Court explained:

> . . . the marital deduction permits a deceased spouse, subject to certain requirements, to transfer free of taxes one-half of the noncommunity property to the surviving spouse . . . . The purpose . . . is only to permit a married couple's property to be taxed in two stages and not to allow a tax-exempt transfer of wealth into succeeding generations. Thus the marital deduction is generally restricted to the transfer of property interests that will be includible in the surviving spouse's gross estate.

■ In determining the amount qualifying for the marital deduction, 26 U.S.C. § 2056(b)(4)(A) indicates that it is the *net* value passing to the surviving spouse which is significant. Thus any liability imposed upon the spouse's share for federal estate taxes must be taken into account. Thompson v. Wiseman, 233 F.2d 734, 737 (10th Cir. 1956). Further, whether or not a surviving spouse's marital deduction interest is re-

---

1. Utah's tax, though designated as "inheritance tax," is actually an estate tax. Note,

Exemption's From Utah's Estate Tax, 1970 Utah Law Review 42 n. 1 (1970).

sponsible for a portion of federal estate taxes is a matter to be resolved by local law. *See* Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106 (1942).

According to a duly promulgated Treasury Department Regulation on the subject, 26 C.F.R. § 20.2056(b)–4(c)(4):

> . . . if the residuary estate or a portion of it, is bequeathed to the surviving spouse, and by the local law the Federal estate tax is payable out of the residuary estate, the value of the bequest, for the purposes of the marital deduction, may not exceed its value as reduced by the Federal estate tax
>
> . . . .

The plaintiff does not contest the validity of this regulation.

■ The matter at hand can thus be resolved by examining the critical provisions of the decedent's will in the light of the applicable state law and the before-mentioned pronouncement by a state trial court. In considering the deference which this court should give to the state trial court's determination, the rule is well stated in Comm'n v. Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967), that where federal estate tax liability turns upon a construction of applicable state law, a federal court will consider itself bound by the state court decree only "after independent examination of the state law as determined by the highest court of the State." *Bosch, supra* at 463, 87 S.Ct. at 1781. In *Bosch, supra* at 465, 87 S.Ct. at 1783, quoting West v. A. T. & T. Co., 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139 (1940) the Court explained the effect of lower state court decisions as follows:

> "An intermediate appellate state court . . . is a datum for ascertaining state law which is not to be disregarded by a federal court *unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.*

Thus it appears the proper course for this court to follow is to consider the is-

sue on its merits in the context of the decision of the state trial court and evaluate the trial court's determination in light of this court's apprehension of the correct principles of controlling state law.

The critical provisions of the decedent's will are paragraphs Two and Six which are as follows:

> *Second:* I direct my Executrix hereinafter named to pay all my just debts, funeral expenses, expenses of my last illness and expenses of the administration of my estate as soon after my death as conveniently and legally may be. I also direct my Executrix to pay all inheritance taxes and other charges, if any, that may be imposed upon my estate and upon the interest of any beneficiary thereof by any present or future law of the United States or of any state of the United States. I direct that such charges and taxes shall be considered and treated as expenses and costs of administering my estate and be paid before distribution of my estate to the beneficiaries of this, my Last Will and Testament.
>
> . . . . . .
>
> *Sixth:* Should my wife, Olive May Thayn (sic) survive me, then I give, devise and bequeath unto her one-half of all the rest, residue and remainder of my estate, real, personal or mixed. The remaining one-half of said residue of my estate, I bequeath to my children surviving me share and share alike, if more than one, and to the issue then living of any child of mine who may theretofore have died leaving issue surviving, such issue to take, per stirpes, the equal share which the deceased child of mine would have taken if then alive.

Utah Code Ann. § 74–3–3 (1953) permits a testator to designate in his will the property to be used in paying debts, expenses, and family allowances. Where no specific designation is made, the statute provides a further order of recourse to a testator's property for such

payments.[2] The decedent indicated in his will that he intended that any taxes should be treated in the same manner as debts of the estate.

In determining whether the decedent specified a fund for the payment of said obligations or otherwise indicated a preference that the wife's share of the residuary estate not pay a ratable share of the estate tax, certain principles of Utah law should be applied. Under Utah Code Ann. § 74–2–1 (1953), a will is to be construed according to the intention of the testator with such intent to be given effect as far as possible. If there is uncertainty arising upon the face of a will as to the application of any of its provisions, Utah Code Ann. § 74–2–2 (1953) directs that the testator's intention is to be ascertained from the words of the will taking into view the circumstances under which it was made, exclusive of oral declarations.

■■ Applying the foregoing principles to the terms of the will, the crucial issue appears to be whether the decedent's direction in paragraph Two that his Executrix " . . . pay all inheritance taxes and other charges . . . that may be imposed upon my estate and upon the interest of any beneficiary thereof by any present or future law of the United States or any state of the United States," provides evidence of the decedent's intent to somehow shelter from payment of taxes the wife's share of the residuary estate. After considering said language, there does not appear to the court to be any indication in such language or elsewhere in the will that the decedent intended for his wife's share of the residuary estate to be accorded, for tax purposes, treatment in any manner different from that to be accorded to the other takers of the residuary estate. Merely directing the Executrix to pay the tax due on any interest does not provide any evidence of intent to shelter the wife's share, since the words of the will clearly indicate taxes are to be computed in accordance with applicable state and federal law. Under applicable law, unless the decedent provided indication to the contrary, taxes due and owing on the estate were to be paid from the residuary estate prior to its distribution. Although the decedent could have provided such indication,[3] he did not choose to do so. Construing the will, therefore, under Utah law does not reveal an intent on the part of the decedent that the wife's share of the residuary estate, although qualifying for the marital deduction, should be free from the obligations to pay a portion of the federal estate taxes.

Were Utah's highest court presented with this question, the court is convinced that it would reach a similar conclusion pertaining to the decedent's intent as manifest in his will. This court, therefore, does not believe that it would

2. The full text of Utah Code Ann. § 74–3–3 (1953), Order of recourse to testator's property provides:

    The property of a testator, except as otherwise provided by law, must be resorted to for the payment of debts, expenses and family allowance in the following order:

    (1) The property which is expressly appropriated by the will for the payment of the same.
    (2) Property not disposed of by the will.
    (3) Property which is devised or bequeathed to a residuary legatee.

    (4) Property which is not specifically devised or bequeathed.
    (5) All other property ratably.
    Before any debts are paid, the expenses of the administration and the allowance to the family must be paid or provided for

3. For example, the following provision suggested in Robinson v. United States, 369 F. Supp. 925 at 927 would avoid any uncertainty concerning the testator's intent. It provides:

    No part of any interest passing to my wife to be limited, reduced, or lessened by any taxes or debts of this estate.

**250**

be proper to concur in the finding of the state trial court that the federal estate taxes were chargeable exclusively to the children's share of the residuary estate.

Plaintiff has urged that in view of the purpose of the marital deduction to equalize the tax benefits available in common law and community property jurisdictions, the share of decedent's estate qualifying for the marital deduction is not to be reduced by any federal estate taxes where said taxes may be satisfied from other property in the decedent's estate of the same class as the property qualifying for the marital deduction. The simple answer to this is that although the marital deduction permits equalization, it does not follow as a matter of course. As the United States Supreme Court stated in Jackson v. United States, 376 U.S. 503, 511, 84 S. Ct. 869, 873, 11 L.Ed.2d 871 (1964):

> The achievement of the purposes of the marital deduction is dependent to a great degree upon the careful drafting of wills; . . . .

It may appear inequitable to require the recipient of an interest that does not create any additional estate tax burden to nonetheless pay a portion of the tax imposed upon the estate. It may also be inequitable, however, to require other residuary legatees to pay the entire tax and thus reduce the amounts such legatees will take.[4]

For the foregoing reasons, it is appropriate to grant the defendant's motion for summary judgment.

Ordered accordingly.

[4] If estate taxes are to be paid from the residuary portion of an estate, it is a "mathematical certainty" that the children's share will be reduced by requiring it to bear all of the estate tax, and requiring the wife's share to bear none. Dodd v. United States, 345 F.2d 715, 719, footnote #9 (3rd Cir. 1965). Although as a general rule a testator would prefer to reduce the share of the children by requiring them to pay the entire but smaller estate tax rather than to reduce the wife's share and increase the total estate tax, it is incumbent upon the testator, not the court, to effect this result. Dodd v. United States, *supra*. See Thompson v. Wiseman, 233 F.2d 734 (10th Cir. 1956).