Hillsborough,⎱ No. 3446.
Mar. 7, 1944.⎰

THOMAS E. JANSEN, JR., *Ex'r v.* BAURY B. RICHARDSON *& a.*

*John L. Mitchell*, for the plaintiff, furnished no brief.

*Evans, Pierce & Campbell* (of California), for certain defendants claiming pecuniary legacies.

*Charles H. Batchelder*, for the residuary legatees.

BRANCH, J. "Whether inheritance or succession taxes are a charge against the estate or are to be deducted from the several legacies, is a question of intention." *Kingsbury* v. *Beazely*, 75 N. H. 13. The executor is advised that in the opinion of a majority of the Court it was the intention of the testatrix that the inheritance tax of the State of New Hampshire should be paid from the residuary estate. We think that the opening clause of the will indicates an intention on the part or the testatrix that the pecuniary and specific legatees should receive their legacies in full without deduction for taxes. This clause is in the nature of an instruction to the executor to pay debts, funeral expenses and expenses of administration, etc. which, under common practice in this State is usually stated in positive form rather than by indirection as in this case. Stated in positive form, the clause in question might well have read: "I direct my executor, hereinafter named, to pay my just debts, funeral and administration expenses, including the payment of inheritance, legacy and succession taxes," etc. No doubt could be entertained as to the meaning of such a clause, and we think that the language used is equivalent thereto in legal effect.

It is argued on behalf of the residuary legatees that the language of the will "is merely a recognition that such (taxes) must be paid either by the estate or the individual legatees and leaves the burden of each liability where the law places it." We are unable to accept this view. We think that the testatrix, by the clause in question, intended to do more than give recognition to the fact that inherit-

124

ance taxes must be paid by someone.  She intended to indicate who should pay them.  In short, as argued on behalf of the pecuniary legatees, the words "subject to the payment of" are construed to mean "after the payment of."

*Case discharged.*