Strafford Probate Court,
No. 4234.

IN RE DELVINA A. GRONDIN ESTATE.

Submitted October 6, 1953.
Decided October 30, 1953.

*Frank W. Peyser* as attorney for the executor furnished a brief as *amicus curiae*.

The legatees and devisee furnished no briefs.

KENISON, C. J.   The principal question in this case is whether the word "taxes" in the preamble of the will indicates a testamentary intention that the legacy and succession tax (R. L., *c.* 87) shall be paid by the estate out of the residuary clause or whether each legatee and the devisee shall pay his proportionate share of the tax.

Before deciding the principal question two preliminary matters present themselves.

Since both the executor and the probate court were in doubt as to the incidence of the state inheritance tax on the legacies and devise in the will, it was impossible to make an accurate distribution of the estate, partial or final, until the will had been construed. For the reasons stated in *In re Harrington Estate,* 97 N. H. 184, it is clear that the probate court had jurisdiction to certify this question to the Supreme Court. See also, *In re Mooney Estate,* 97 N. H. 187; *In re Byrne Estate,* 98 N. H. 300.

Counsel for the executor recognized that he had no right to seek any particular construction of the will (*Bisson* v. *Gosselin,* 90 N. H. 273, 275) and accordingly his brief cites cases in other jurisdictions on both sides of the question. Therefore there is no reason to disregard his brief as was done in the *Bisson* case, but rather it has been treated as a brief of *amicus curiae* whose "function is merely to make useful suggestions to the court." *Blanchard* v. *Railroad,* 86 N. H. 263, 266. Such briefs are not to be discouraged particularly in nonadversary proceedings of this nature.

Whether inheritance taxes are a charge against the estate or are to be deducted from the several legacies, depends on the intention of the testatrix, who may provide by her will how such charges shall be treated. *Kingsbury* v. *Bazeley,* 75 N. H. 13. In the absence of a definite provision in the will, express or implied, the legacy and succession tax imposed by R. L., c. 87, as amended, is to be deducted from each legacy or devise or collected from the legatee or devisee by the executor and paid over to the State. R. L., c. 87, s. 54; Laws 1945, c. 144. Unlike the federal estate tax, which is a tax upon the estate of a decedent, the state legacy and succession tax is levied upon the interest of the legatee or distributee. *Amoskeag &c. Co.* v. *Dartmouth College,* 89 N. H. 471, 476. Where the will makes it reasonably clear that succession or inheritance taxes are to be paid from the residuary estate the legatees receive their legacies free of the tax as was the case in *Jansen* v. *Richardson,* 93 N. H. 122.

In the present case the word "taxes" in the preamble of the will which follows debts, funeral charges and expenses of administration is the only word which in any way could indicate that the testatrix intended that the executor should not deduct the tax from each bequest as provided by statute. Since the decedent's estate was not of sufficient size to be subject to the federal estate tax the

apportionment statute has no bearing here.  R. L., c. 88-A; Laws 1947, c. 102; Laws 1950, sp. sess. c. 5.  While there is some conflict in the cases a majority of them have held that the word "taxes" or a similar word in a preamble or introductory part of the will is not a sufficiently definite statement to require that inheritance taxes shall be paid by the estate.  51 A.L.R. 454; 116 A.L.R. 854; 141 A.L.R. 847; *Norton* v. *Jones* (Tex. Civ. App.), 210 S.W. (2d) 820. The cases have usually required that the will definitely show a testamentary intent to impose the inheritance tax upon the residuary estate and this intent is not to be inferred from a doubtful phrase or word in the will.  *Sherman* v. *Moore,* 89 Conn. 190.  "If no clear testamentary direction can be found, it must be presumed that it was intended that the burden of the tax shall fall where the law places it."  *Prescott* v. *St. Luke's Hospital,* 280 Mass. 229, 231.  There is nothing in the will to indicate that she preferred any legatee to the other and it is fully as probable that the word "taxes" referred to taxes which she might owe at the date of her death.

Furthermore the word "taxes" appears in the usual and ritualistic preamble of the will along with debts and expenses that the executor would be required to pay even if no such provision were inserted in the will.  It is doubtful that either the testatrix or the scrivener gave any specific thought to the legacy and succession tax but in any event the will uses no language sufficient to show an intention to change the statutory incidence of the tax as provided by R. L., c. 87, s. 54, as amended by Laws 1945, c. 144.  No special word, phrase or formula is required to shift the payment of the taxes from the legatee to the residuary estate but an intention to do this cannot be inferred from the ambiguous expression used in the will.  4 Page, Wills (Lifetime *ed.*) s. 1770.  The probate court is advised that each legatee and devisee takes under the will subject to the deduction for the legacy and succession tax.

*Case discharged.*

All concurred.