**BOSTON SAFE DEPOSIT AND TRUST COMPANY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 6318.

United States Court of Appeals First Circuit.

Heard Oct. 5, 1964.

Decided April 22, 1965.

---

Paul B. Sargent, Boston, Mass., for petitioner.

William A. Friedlander, Atty., Dept. of Justice, with whom Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Robert N. Anderson, Attys., Dept. of Justice, were on brief, for respondent.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Senior Circuit Judge (by designation). This is a petition to review a decision of the Tax Court entered January 23, 1964, determining a deficiency in the petitioner's payment of federal estate tax in the amount of $2,-270.57.

Petitioner, Boston Safe Deposit and Trust Company, is executor under the will of the decedent, Albert L. Rice, who died on September 2, 1959, survived by his wife, Martha C. Rice, and two daughters. Letters testamentary were granted to petitioner on October 28, 1959, by the Probate Court of Norfolk County, Massachusetts.

By the terms of his will, which was executed December 30, 1958, the decedent bequeathed and devised all his property to his wife, provided she survived him for thirty days; otherwise to his two daughters equally. On December 30, 1958, decedent also executed an amendable and revocable indenture of trust designating petitioner as trustee and transferring certain property to petitioner as trustee.

The trust instrument provided that the trustee should pay over to the donor during his lifetime any income of the trust and also such amount of principal as the donor might from time to time request. It further provided that at the death of the donor, if his wife should survive him, the trustee should set aside as a separate trust fund, to be known as "Trust A", a sum equal to one-half the value of the donor's "adjusted gross estate" as defined in the Internal Revenue Code of 1954, such sum to be reduced, however, by the value as finally determined for federal estate tax purposes of all other property passing to the donor's

wife under the provisions of his will or by operation of law or otherwise, and qualifying for the marital deduction. The trustee was directed to pay the entire net income from Trust A to Martha C. Rice during her lifetime, and as well to pay to her or for her benefit such amounts of principal as the trustee in its sole discretion might deem necessary or advisable for her comfort, maintenance, and support. It was provided that upon her death the trustee should pay the entire remaining principal of Trust A to or for such person or persons as Martha C. Rice might by her will direct and appoint, such power including the right in her to appoint to her own estate. It was further provided that in default of any such appointment, the remaining trust principal should be added to and consolidated with a second trust created by the same indenture and designated "Trust B."

The trust indenture provided that the balance of the trust estate, or all thereof if the donor's wife should not survive him, should be retained by the trustee as Trust B. The trustee was directed to pay to Martha C. Rice during her life the net income from Trust B and so much of the principal thereof as the trustee might from time to time deem necessary or advisable for her comfort, maintenance, and support. It was further provided that upon the death of the survivor of the donor and his wife, the beneficiaries of the income and principal of the trust were to be the children and grandchildren of the donor.

Article Ninth of the trust instrument gave the trustee absolute discretion to pay all inheritance and estate taxes out of Trust B.[1] The trust also provided that

1. "ARTICLE NINTH: Notwithstanding any other provision hereof, on the death of the Donor, the Trustee may in its discretion pay to the Executor of his will or to the Administrator of his estate such sum or sums from Trust B as such Executor or Administrator shall in writing request for the payment of legacies, debts, expenses of administration, and of legacy, succession, inheritance and estate taxes, or other death duties, or to

reimburse such Executor or Administrator for the making of any such payments or may pay any of such taxes directly to the taxing authorities involved; * * * and the determination of the Trustee as to whether to make any such payments and as to the amount of any such payment made shall be final and binding upon all persons taking any interest hereunder."

it was to be construed according to Massachusetts law. Decedent's will made no provision as to payment of taxes.

Acting pursuant to the provisions of Article Ninth of the trust indenture, petitioner, as executor, requisitioned from itself, as trustee, from Trust B, an amount sufficient to pay the Massachusetts inheritance tax and the federal estate tax. An estate tax return was filed by petitioner with the District Director of Internal Revenue for the District of Massachusetts on December 2, 1960. Therein a marital deduction was claimed in the total amount of $145,134.15, composed of $122,223.02 representing the value of the property in Trust A, and $22,911.13 representing the value of other property included in the gross estate and passing to the widow. In computing the claimed marital deduction petitioner did not reduce the value of any of these properties by any portion of the Massachusetts inheritance tax or the federal estate tax paid.

█ In the notice of deficiency the Commissioner determined that in computing the marital deduction, the property interests passing to the surviving spouse under Trust A should have been reduced by the Massachusetts inheritance tax and the federal estate tax allocable to those property interests, in the amount of $6,680.07.[2]

The only question raised by this petition, then, is whether the Commissioner was correct in reducing the size of the marital deduction by $6,680.07, the portion of the federal estate tax and Massachusetts inheritance tax which, at the time of decedent's death, was allocable to those property interests in decedent's estate qualifying for the marital deduction.

█ The first part of petitioner's argument is that the trust instrument evidences an intention that decedent's widow was to receive the entire amount of Trust A tax-free; that in any event all the taxes were paid out of Trust B; and that the size of the marital deduction should therefore not be reduced by the amount of any of the taxes. Petitioner relies on sub-section 2056(b) (4) (A) of the Internal Revenue Code of 1954,[3] asserting that the provisions of that subsection require us to recognize petitioner's exercise of discretion as an "effect" within the meaning of the statute. The trouble with petitioner's argument is that, in determining the "effect" of death taxes, we must place ourselves in time squarely at the moment of the decedent's death. Treas.Reg. § 20.2056(b)–(4) (a), (c) (1) (1961). See Jackson v. United States, 376 U.S. 503, 508, 84 S.Ct. 869, 11 L.E.2d 871 (1964) (dictum); Starrett v. Commissioner of Internal Revenue, 223 F.2d 163 (1st Cir. 1955); Ballantine v. Tomlinson, 293 F.2d 311 (5th Cir. 1961). At that moment a proportionate amount of tax was owing and payable out of Trust A and the other property interests qualifying for the marital deduction, and that fact is conclusive. No amount of "intention" can alter the result, and any actual exercise of discretion is irrelevant since it comes after the decedent's death.

█ Petitioner is not helped, with regard to the federal estate tax, by provisions of a Massachusetts statute cited

---

2. It is stipulated by the parties that the Tax Court's figure, $3,331.90, was a mathematical error and that the figure of $6,680.07 is the correct one. The case must in any event be remanded for correction of that error.

3. "(4) *Valuation of interest passing to surviving spouse.*—In determining for purposes of subsection (a) the value of any interest in property passing to the surviving spouse for which a deduction is allowed by this section—

"(A) there shall be taken into account the effect which the tax imposed by section 2001, or any estate, succession, legacy, or inheritance tax, has on the net value to the surviving spouse of such interest;

" * * *."

by it.[4]  Petitioner would construe that statute (specifically, "except as otherwise provided or directed") as removing the tax liability from Trust A to Trust B by including a discretionary provision within the scope of "otherwise provided." That argument, however, must assume an actual exercise of discretion since the statute certainly could have no effect were the discretion to remain unexercised (the trustee's discretion is absolute).  And in making that assumption, petitioner once again is asking us to look to future events.  That we have said we cannot do.

■   Also, petitioner's argument based on the Massachusetts statute's definition of "net estate,"[5] as not including "deductions" and therefore not including any part of Trust A in the taxable estate must fail.  The argument assumes the issue, already decided against petitioner, that Trust A for the purpose of the marital deduction is not to be diminished by a proportionate amount of tax.

Judgment will be entered vacating the decision of the Tax Court and remanding the case to that court for entry of decision in accordance herewith.

4.  "Whenever it appears upon any accounting, or in any appropriate action or proceeding, that an executor, administrator, trustee or other person acting in a fiduciary capacity, has paid or may be required to pay an estate tax levied or assessed under the provisions of this chapter, or under the provisions of any estate tax law of the United States heretofore or hereafter enacted, upon the transfer of the estate of any person who at the time of his death was an inhabitant of this commonwealth, the net amount of said tax shall be apportioned among and borne by recipients and beneficiaries of the property and interests included in the gross estate in the following manner:—

\*   \*   \*   \*   \*

"2. If any portion of the property with respect to which such tax is levied or assessed is held under the terms of any trust created intervivos   \*   \*   \*,

such proportion of the net amount of the tax so levied or assessed shall, except as otherwise provided or directed by the trust instrument with respect to the fund established thereby, or by the decedent's will, be charged to and paid from the corpus of the trust property   \*   \*   \*   as the net amount of the property of such trust   \*   \*   \*   and included in the measure of such tax bears to the amount of the net estate as hereafter defined in this section.  The amount so charged shall not be apportioned between temporary and remainder estates." 2A Mass.Gen. Laws Ann. ch. 65A § 5 (1953).

5.  "The term 'net estate' as used in this section shall mean the gross estate as defined by the applicable estate tax laws of the United States less the deductions, other than specific exemptions, allowed by the provisions of such laws."  Id.