ESTATE of Milton S. WYCOFF, Deceased, Zions First National Bank, Executor, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 73–1901.

United States Court of Appeals, Tenth Circuit.

Nov. 19, 1974.

J. Jay Bullock, Salt Lake City, Utah, for appellant.

Louis A. Bradbury, Atty., Tax Div., Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks and Loring W. Post, Attys., Tax Div., Dept. of Justice, on the brief), for appellee.

Before LEWIS, Chief Judge, and MOORE * and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This is a federal estate tax case, and the issue is whether the United States Tax Court ruled correctly in determining that the value of the marital deduction available to the estate must be reduced to the extent of inheritance, estate and transfer taxes that the executor was authorized by the will to pay out of the marital trust even though he was not required in the will to pay it from the marital share.

The will of decedent, Milton S. Wycoff, created two trusts. One was in favor of his wife amounting to 50% of his adjusted gross estate; the other trust dealt with the residue of the estate for the benefit of his son. While he directed that inheritance, estate and transfer taxes were to be paid out of the portion of his estate which was not in the marital trust, he, at the same time, granted the executor a discretion to pay these taxes out of this trust estate if the executor considered it prudent from a business standpoint to do so. Based on this authorization, both the Commissioner and the Tax Court ruled that the amount of the marital deduction had to be reduced by the amount of the death taxes. The executor now seeks reversal of the Tax Court ruling.

Decedent died on March 3, 1966 and his will was admitted to probate on March 30, 1966, Zions First National Bank of Salt Lake City being named as the executor. A large part of the estate was composed of shares in the family corporations. The trust in favor of the wife gave her income for life and the power to appoint the corpus together with accrued and undistributed income. The language of the will was such as to seek to maximize the estate tax deduction available under § 2056 of the Internal Revenue Code. A further provision in the will[1] directed that the liquid assets

---

* Honorable Leonard P. Moore, Senior Judge, United States Court of Appeals, Second Circuit, New York, New York, sitting by designation.

1. ARTICLE VI of the will reads as follows:
If my said wife survives me, I devise, bequeath and appoint to my Trustee, in trust, an amount equal to fifty percent (50%) of the value of my adjusted gross estate as finally determined for Federal estate tax purposes * * * [I]n selecting and assigning to this Marital Trust the property and assets of which the same shall consist, my Trustee, insofar as is possible and practicable, shall resort first to cash, secondly to debentures or other securities, and thirdly to nonvoting shares of stock in any corporations in which I shall have such shares at the time of my death, and lastly to voting shares of stock

in any corporations in which I may have such shares at the time of my death, it being my intention and desire that unless absolutely required to provide a portion of the share of my property required for this Marital Trust, that all of my shares of voting stock in any corporation in which I may hold such shares at the time of my death shall be apportioned to and become a part of my Residuary Trust Estate as created and referred to in this Will. This Trust created for the use and benefit of my wife shall be known as the "Marital Trust" and shall be held and administered and disposed of as follows:
*First:* I direct that income from the Marital Trust * * * shall be paid to my wife in convenient installments but not less frequently than quarter-annually during her lifetime.
  *       *       *       *       *

were so far as possible to be given to the wife's trust; this was so as to avoid her having to participate in the family businesses. The residuary trust in favor of the son was created in ARTICLE VII of the will.[2]

Death taxes were directed to be paid out of the nonmarital trust portion of the estate but, as explained above, the executor was empowered to pay these taxes out of the widow's trust should he consider it prudent to do so. ARTICLE XII provided:

> I direct prompt payment of the expenses incident to my funeral, burial and last illness, and all my just debts. I further direct that all inheritance, estate and transfer taxes due by reason of my death shall be paid out of that portion of my estate which is not included in the Marital Trust to be administered by my Trustee, unless, in the best business judgment and sole discretion of my executor, such taxes could be more prudently paid from any assets in my estate without respect to what is or is not included in the Marital Trust created by this my Last Will.

Though he was given discretion to pay the death taxes out of the wife's trust, the executor has not elected to do so. The Probate Court decreed the distribution of the corpus of the estate to the Zions First National Bank as trustee of the two trusts on December 31, 1968.

Some time later, May 25, 1970, the District Director of Internal Revenue gave the bank notice that there was a deficiency in the amount of $57,458.30. Shortly thereafter, the appellant sought a redetermination of the deficiency by the Tax Court. However, that tribunal ruled that in computing the marital deduction, the value of the interest of the surviving spouse had to be reduced by the amount of the death taxes which could have been paid from the widow's share. The deficiency was ruled to be in the amount of $54,888.31.

The cause was then appealed to this court pursuant to 26 U.S.C. § 7482.

The appellant raises two points on appeal:

The first is that § 2056(b)(4) of the Internal Revenue Code of 1954 does not require that the marital deduction be reduced where, as here, the death taxes have not in fact been paid by the estate or are not chargeable to it.

The second contention is that the interest transferred to the surviving spouse qualifies for the marital deduction on the basis of being a § 2056(b)(5) exception to the terminable interest prohibition of § 2056(b).

### I.

### THE ISSUE AS TO WHETHER THE MARITAL SHARE REMAINS INTACT AS A DEDUCTION UNLESS IT IS ACTUALLY INVADED FOR THE PURPOSE OF PAYMENT OF DEATH TAXES

The provision which gives rise to the marital deduction is § 2056 of the Internal Revenue Code of 1954 which provides as follows:

> § 2056. *Bequests, etc., to surviving spouse*
>
> (a) *Allowance of marital deduction.* —For purposes of the tax imposed by

---

*Third*: Upon the death of my said wife, all accrued and undistributed income of the Marital Trust shall be paid and distributed by said Trustee unto the person or persons who my said wife by her Last Will and Testament may designate, nominate, and appoint to receive the same * * * [A]nd further upon the death of my said wife the entire remaining corpus of the Marital Trust shall be paid and distributed by said Trustee to the person or persons who my said wife, by her Last Will and Testament, shall designate, nominate and appoint to receive the same * * *

2. ARTICLE VII. If my son, Bruce Wycoff, survives me, I devise, bequeath and appoint all of the rest, residue and remainder of my property * * * to my Trustee, in trust, for the use and benefit of my said son, Bruce, as beneficiary as herein provided, said Trust to be known as the "Residuary trust". * * *

section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

. . . . . .

(c) *Limitation on aggregate of deductions.—*

(1) *General rule.—*The aggregate amount of the deductions allowed under this section (computed without regard to this subsection) shall not exceed 50 percent of the value of the adjusted gross estate, as defined in paragraph (2).

■■■ The purpose of Congress in creating this deduction was to stem the tide of state law changes in the community property system. The effect of the change was to give non-community property state citizens the tax advantages which were then enjoyed only by the community property state citizens. The deduction allows married couples' property to be taxed in two stages—upon the death of the decedent and upon the death of the surviving spouse. Thus, the marital deduction is restricted to the property interest includable in the surviving spouse's gross estate. United States v. Stapf, 375 U.S. 118, 84 S.Ct. 248, 11 L.Ed.2d 195 (1963).

■■■ Accordingly, if the property transferred to the surviving spouse is terminable and thereby is not includable in the gross estate of the surviving spouse, there is no marital deduction. Also, if any part of the property transferred to the surviving spouse is used to pay inheritance taxes, the value of the

marital deduction is reduced by the amount of the taxes so paid.

Section 2056(b) provides in part:

(4) *Valuation of interest passing to surviving spouse.—*In determining for purposes of subsection (a) the value of any interest in property passing to the surviving spouse for which a deduction is allowed by this section—

(A) there shall be taken into account the effect which the tax imposed by section 2001, or any estate, succession, legacy, or inheritance tax, has on the net value to the surviving spouse of such interest;

We are required to determine the value of the deductible non-terminable interest in the property which passed to the surviving spouse. In turn, we must decide whether the executor's *authority* to use marital trust assets for the payment of the state and federal death taxes served to reduce the marital deduction in this amount. The bank contends that § 2056(b)(4) is subject to the interpretation that the marital deduction is to be reduced only to the extent that the federal estate or state inheritance tax was actually paid from or charged to the marital share. Its further claim is that the language of § 2056(b)(4) supports this.

It is pointed out that the provision is entitled "valuation of interest passing to surviving spouse." It refers to the "effect" of death taxes upon the "net value to the surviving spouse." It is argued that the purpose was to restrict the effect on the surviving spouse's marital deduction to the amount of taxes actually paid. The only relevant consideration in applying § 2056(b)(4), so it is argued, is whether the property interest passed to the surviving spouse was in fact utilized to pay the taxes.[3]

---

3. Taxpayer cites the following regulations to support its argument that a reduction is not required for taxes which merely could have been (but were not) paid from a portion of the marital share:

§ 20.2056(b)–4(A) The marital deduction may be taken only with respect to the net value of any deductible interest which passed from the decedent to his surviving spouse, the same principles being applicable as if the

The regulations relied on by the bank and quoted below are not germane because the thrust of them is to explain the computation of the marital deduction rather than the effect of the taxes payable out of it.

■ Also, the cases hold that the marital deduction is to be strictly construed. Commissioner of Internal Revenue v. Bosch, 387 U.S. 456, 464, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967). Another relevant rule of construction is that the taxpayer has the burden of proof to establish compliance with the specific statutory requisites and the taxpayer must prove the applicability of the deduction or exception claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348 (1934).

■ Furthermore, in determining whether an interest of the surviving spouse is entitled to the marital deduction, the time of death of the decedent governs the tax consequences. Jackson v. United States, 376 U.S. 503, 84 S.Ct. 869, 11 L.Ed.2d 871 (1964); Boston Safe Deposit and Trust Co. v. Commissioner of Internal Revenue, 345 F.2d 625 (1st Cir. 1965). See also 26 C.F.R. 20.-2056(b)–4(a) (1972) and In Estate of Albert L. Rice, 41 T.C. 344 (1963), wherein this principle was applied in valuing a property interest.

■ ■ The value of the marital deduction and the effect of death taxes

upon the extent of the marital deduction are to be determined as a matter of federal law. Thus, the orders of state probate courts are not applicable. In this instance the Utah Probate Court ordered the executor to distribute to the widow's trust 50% of the adjusted gross estate unreduced by any federal estate or Utah inheritance taxes. The court also decreed that such taxes were to be charged to the property not included in the marital trust.[4]

■ It is conceded by the bank that ARTICLE XII is ambiguous. In one sentence it directs that the inheritance and estate taxes are to be paid out of that portion of the estate not part of the wife's trust but subsequently states that the executor can, in the exercise of business judgment, pay such taxes out of the marital share. The bank is not deterred. It argues that the death taxes should not reduce the marital share since there is not a clear direction to the executor to pay taxes from the marital assets. It must be concluded, however, that since the will speaks as of the date of death, and since it does authorize the payment of taxes from the marital trust within the executor's discretion, it serves the interest of precision and definiteness as well as avoidance of uncertainty to rule that the authorization to pay death taxes from the marital share by its very existence reduces the marital share. In the absence of a clear and unambiguous direction in the will, proper-

---

amount of a gift to the spouse were being determined.

§ 20.2056(b)–4(C)(2) For example, assume that the only bequest to the surviving spouse is $100,000 and the spouse is required to pay a state inheritance tax in the amount of $1500. If no other death taxes affect the net value of the bequest, the value for the purpose of the marital deduction is $98,500.

§ 20.2056(b)–4(C)(4) If the decedent bequeaths his residuary estate, or a portion of it, to his surviving spouse, and his will contains a direction that all death taxes shall be payable out of the residuary estate, the value of the bequest, for the purpose of the marital deduction, is based upon the amount of the residue as reduced pursuant to such

direction, if the residuary estate, or a portion of it, is bequeathed to the surviving spouse, and by the local law the federal estate tax is payable out of the residuary estate, the value of the bequest, for the purpose of the marital deduction, may not exceed its value as reduced by the federal estate tax.

4. Although federal law governs payability of estate tax, the impact of the federal tax is governed by state law. Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106 (1942); Thompson v. Wiseman, 233 F.2d 734 (10th Cir. 1956). Thus, the apportionment of payment of death taxes is governed by state law.

ty transferred to the surviving spouse must bear part of the estate tax burden. *See* Thompson v. Wiseman, 233 F.2d 734 (10th Cir. 1956).

In Thompson v. Wiseman, *supra*, the will directed that decedent's debts and expenses "be paid out of my estate as soon after my demise as conveniently may be done." We ruled in that case that the language of the will, although ambiguous, gave the executor discretion to pay taxes from the marital assets if this procedure would further the efficient and convenient administration of the estate. *See also* Greene v. United States, 476 F.2d 116 (7th Cir. 1973).

The directive in the will at bar authorizing payment of death taxes dispels the executor's claim that decedent failed to vest authority in the executor to apply marital trust assets to the payments of death taxes. The existence of the authority is out of harmony with the notion that the decedent firmly directed the executor to pay taxes out of funds other than marital ones so as in all circumstances to secure the greatest possible marital deduction. *Cf.* Bauknecht v. Kellogg-Citizens National Bank, 49 Wis. 2d 392, 182 N.W.2d 238 (1971).

Although ARTICLE XII of the will expresses a preference for payment of

---

5. The Will there said:
   My said Executor shall also pay from my estate all federal estate tax from whomsoever due and however assessed, and all estate, succession, legacy, and inheritance tax, but in so doing said taxes shall be paid from other property than that given and devised to my wife or from life insurance received by her, so that any property received by her as the result of my death will not be reduced by the payment of said taxes, and for the further reason that my estate may get the full benefit of the marital deduction as defined in the Federal Estate Tax Reduction Act of 1948.

6. Section 2056(b)(5) reads as follows:
   (5) *Life estate with power of appointment in surviving spouse.*—
   In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with

---

the taxes from that part of the estate not included in the marital trust, this is much less than a positive direction that death taxes be paid from that part of the estate not included in the marital share, and as we view it such an express provision would be necessary to justify a ruling for the executor. For an example of the kind of an express provision that is needed *see* In Estate of Leeds, 54 T.C. 781 (1970).[5]

Since we do not have a positive expression in the will we must rule that § 2056(b)(4) renders the marital share available to the surviving spouse subject to the payment of death taxes. As a result of this, the value of the marital deduction is reduced by the amount of these death taxes.

## II.

THE PETITIONER'S CONTENTION THAT THE EXCEPTION TO THE TERMINABLE INTEREST PROVISION, § 2056(b)(5), APPLIES AND RESULTS IN A DEDUCTION OF THE ENTIRE MARITAL SHARE UNREDUCED BY DEATH TAXES[6]

The mentioned section provides that terminable interests passing to a power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—
   (A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and
   (B) no part of the interest so passing shall, for purposes of paragraph (1)(A), be considered as passing to any person other than the surviving spouse.
This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

surviving spouse do not qualify for the marital deduction under 26 U.S.C. § 2056(a). At the same time, an exception exists where the surviving spouse receives a life estate coupled with the power to appoint by will (or during life). To qualify, this power of appointment must be exercisable by the spouse alone with no power in any other person to appoint any part of the interest to any person other than the surviving spouse. The surviving spouse here fulfills these requirements in that she receives a life estate in the marital trust plus the power to appoint the remainder. It is argued that since the surviving spouse fulfills these requirements, that the entire marital share bequeathed to the wife is embraced by the terminable interest exception. An obvious answer is that due to the authority granted the executor to pay the death taxes from the marital share, the amount of the death taxes must be excluded from the marital deduction. The fact that the executor did not choose to exercise the discretion granted to use the marital funds to pay the taxes is inconsequential since the determination as to whether an interest qualified for the deduction is to be made at the time of the decedent's death. Jackson v. United States, *supra*; Allen v. United States, 359 F.2d 151 at 154 (2d Cir. 1966), cert. denied, 385 U.S. 832, 87 S.Ct. 71, 17 L.Ed.2d 67; United States v. Mappes, 318 F.2d 508 at 511 (10th Cir. 1963).

Appellant has a further argument which is ingenious but not meritorious. This contention is that assuming the executor had the power to invade the marital trust assets to pay death taxes, this would not prevent the entire marital property from passing and being non-terminable because the payment of death taxes would not be to a "person," but only to the United States or to the state of Utah. In this connection the bank cites 26 U.S.C. § 7701(a)(1), which narrowly defines the term "person" to mean individual, a trust, estate, partnership, association, company or corporation. However, 26 U.S.C. § 7701(b) states that the definition given does not exclude other things which otherwise are within the meaning of the term. Thus, the definition does not exclude the United States or Utah. *Cf.* Sims v. United States, 359 U.S. 108 at 112, 79 S.Ct. 641 at 644–645, 3 L.Ed.2d 667 (1959).

Whether "person" includes a state or the United States depends on the legislative context in which the word is found. Ohio v. Helvering, 292 U.S. 360 at 370, 54 S.Ct. 725 at 727, 78 L.Ed. 1307 (1934); Sims v. United States, *supra*, 359 U.S. at 112, 79 S.Ct. at 645. The legislative purpose behind the estate tax marital deduction is to equalize estate tax treatment in community property and non-community property states. This allows up to one-half of decedent's adjusted gross estate to be passed to his surviving spouse free of tax liability. It contemplates, moreover, that the interest will be available for state taxation when the surviving spouse dies. Northeastern Pennsylvania Nat. Bank and Trust Co. v. United States, 387 U.S. 213 at 221, 87 S.Ct. 1573 at 1578, 18 L.Ed.2d 726 (1967).

Thus, when considered in this context the United States and the state of Utah should not be, on the basis of technical reasoning, excluded from the term "persons," for to do this would be out of harmony with the marital deduction provision. As a practical matter, to accept the appellant's argument would carve out a judicial loophole which Congress did not intend to create.

It is then consistent with the purposes of the Act to regard the United States and the state of Utah as "persons" within the language of § 2056(b)(5). So considered, the terminable interest in question is exercisable in favor of persons other than the surviving spouse, and, at least to the extent of the death taxes, the marital trust does not qualify for the marital deduction.

We must conclude then, contrary to the executor's contention, that § 2056(b)(5) does not display a congres-

sional intent that the marital share be deductible as an unreduced unit.

The judgment of the Tax Court is affirmed.

MOORE, Circuit Judge (dissenting):

When the testator asked an attorney (and presumably he did) to draw his will, he must have told him, judging by the will, that he wished to provide for his wife and set up a marital trust which would "maximize the estate tax deduction available under § 2056 of the Internal Revenue Code." (Majority Opinion) He also "indicated a preference as to which assets were to go to the marital trust so that his surviving spouse would not have to be involved in decisions relating to the family business." (Tax Court Opinion) The usual clause for payment of funeral expenses, just debts, etc. was inserted but as a special directive, the testator directed that "all inheritance, estate and transfer taxes due by reason of my death shall be paid out of that portion of my estate which is not included in the Marital Trust to be administered by my Trustee . . . ." The testator's instructions to his executor, whether attorney-drawn or layman-drawn, could not have been clearer.

However, mindful of the unexpected, which it is always wise to provide for in any document, testamentary or corporate, the testator added an "unless" proviso so that if in the executor's sole discretion and "in his best business judgment" the executor might think it advisable that "such taxes could be more prudently paid from any assets in my estate without respect to what is or is not included in the Marital Trust", then the executor would not be accused of a breach of trust if it did so. But before doing so, it was called upon to exercise its best business judgment, which judgment was to be exercised in its sole discretion. It was not the discretion of the Tax Commissioner, nor the Tax Court, nor the Court of Appeals.

Little comment is necessary as to the applicable principles of law. The courts

are to discover and enforce the will and intent of the testator. We can speak only through the document declaring his intent. Were he here today he would undoubtedly reaffirm what he thought he had clearly expressed.

Error becomes first noticeable in the Tax Court's opinion in its assumption that "decedent's will directed the executor in his sole discretion to pay death taxes without respect to what was or was not included in the marital trust." Quite to the contrary, he specifically directed that estate taxes "be paid out of that portion of my (his) estate which is *not* included in the Marital Trust . ." (emphasis added).

An all-important prerequisite had to occur before the executor could invade the marital trust for this purpose. It had to exercise its "best business judgment." Had the executor been called to account for departing from the testator's wishes, it would undoubtedly have had to show cause as to the wisdom of this exercise and by adequate proof to justify the soundness of its judgment.

I cannot understand, nor agree with, the majority's statement that Article XII "expresses a preference for payment of the taxes from that part of the estate not included in the marital trust." Nowhere in the Article is there any suggestion of "preference." Quite the opposite—the testator used words of command. Thus, he wrote, "I further direct . . ." and that the taxes "*shall* be paid out of that portion of my estate which is not included in the Marital Trust . . ." (emphasis added). These words I cannot reconcile with the majority's statement that "we do not have a positive expression in the will" or "a positive direction that death taxes be paid from that part of the estate not included in the marital share . . . .".

The courts should strive to carry out the wishes and intent of testators and not decree, in effect, that only if the testator writes, in substance, that "I direct that under no circumstances whatsoever shall any estate taxes be paid out of, or

which in any way might diminish, the marital trust." True, the testator gave to his executor a contingent power to apply funds of the trust if it could justify its use as its "best business judgment" but this is a far cry from saying, as do the majority, that "the existence of the authority is out of harmony with the notion that the decedent firmly directed the executor to pay taxes out of funds other than marital ones so as in all circumstances to secure the greatest possible marital deduction."

The Tax Court judge conceded that "under Utah State law the decedent's will must be interpreted to give effect to the decedent's expressed intention" but at the same time said that "the decedent clearly intended that his executor possess absolute power to commit the assets of the marital trust to the payment of death taxes if he saw fit to do so." Were the will to be properly interpreted, he should have said that the executor possessed a conditional power not to be exercised without a showing that the conditions had been met.

Furthermore, although the Commissioner is not foreclosed from making a federal assessment, the Tax Court judge acknowledged that "[w]hether any estate taxes are payable from the surviving spouse's interest is a matter governed by state law. (citing cases)" All parties in interest were before the District Court (Utah), Probate Division, and by order of that Court the property was distributed in a manner which did not reduce the marital trust by any Federal estate or Utah inheritance tax. The federal government has received its full measure of tax from this estate. In my opinion it should honor the testator's wishes—not seek to override and frustrate them.

The legislative purpose of the marital deduction is the equalization of treatment of surviving spouses in common-law states with those in community property jurisdictions. Furthermore, there is a presumption that the marital estate will not be burdened with Federal Tax. See Estate of Amory Haskell v. Commis-

sioner of Internal Revenue, 58 T.C. 197 (1972). It is generally accepted that state law may determine who will pay the federal estate tax. Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L. Ed. 106. Absent statutory authority from Utah placing the federal tax burden or any part of it on the surviving spouse and absent clear language in the will indicating that the testator wishes the tax to be paid from property which would otherwise be included in the marital deduction, I would hold that the presumption of no tax burden and the clear intent of the testator to bequeath the maximum marital estate be given effect.

Since I believe that the decision today departs widely from the testator's expressed intent, I must dissent.