**Linwood L. MERRY, Executor**

v.

**Louise I. LEBEL et al.**

Supreme Judicial Court of Maine.

Argued March 8, 1982.

Decided April 7, 1982.

Barnes & Sylvester, Forrest W. Barnes (orally), Houlton, for plaintiff Linwood L. Merry, Executor.

Severson, Hand & Nelson, P.A., Lynwood E. Hand (orally), Houlton, for defendant Linwood L. Merry, residuary beneficiary.

James E. Tierney, Atty. Gen., Jerome S. Matus, Asst. Atty. Gen. (orally), Augusta, for defendant Raymond A. Halperin, State Tax Assessor.

Before McKUSICK, C. J., GODFREY, NICHOLS, ROBERTS and WATHEN, JJ., and DUFRESNE, A. R. J.

McKUSICK, Chief Justice.

In this will construction action, Linwood L. Merry, executor of the will of Samuel C. Dickinson, sought in the Penobscot County Probate Court a determination whether the State of Maine inheritance tax normally borne by each specific legatee was under the Dickinson will ordered to be paid from the residue of the estate. The Probate Court construed the Dickinson will to resolve that issue in the affirmative, holding that the individual specific legatees were entitled to receive their specific bequests and devises unburdened by any state inheritance taxes. On appeal by one of the residuary legatees,[1] the Superior Court sitting as the Supreme Court of Probate affirmed;

---

1. Along with all beneficiaries under the Dickinson will, the executor's complaint also named the State Tax Assessor as a defendant to this action, and the Tax Assessor has through counsel appeared and fully participated in the Probate Court as well as in both appellate courts.

and on this further appeal to the Law Court, so do we.

The sole question presented for decision here is whether the specific legatees under the Dickinson will were relieved of the burden of state inheritance taxes by the introductory clause to that will that provided:

> After the payment of my just debts, funeral charges, the expenses of administration, all estate, inheritance, succession and all other such death taxes due and imposed on, or in connection with, my estate, I dispose of my estate as follows:

There then followed seven clauses giving specific bequests and devises to five different named persons and an eighth or residuary clause leaving the entire residue to nine relatives of the testator by blood or marriage.

■ The state inheritance tax, unlike the federal estate tax, is a tax on the beneficiaries' receipt of property rather than on the estate itself. As such, it falls not on the estate but on the individual legatees. *National Newark & Essex Bank v. Hart*, Me., 309 A.2d 512, 516 (1973). A testator may provide that inheritance taxes are to be paid out of the estate itself, effectively shifting the burden of the tax to the residuary legatees, but such an intention must be clearly expressed. *Bragdon v. Worthley*, 155 Me. 284, 299, 153 A.2d 627, 635 (1959).

■ On its face, the introductory clause in the Dickinson will could hardly be clearer in expressing the testator's intent to charge his estate, rather than his specific legatees, with the inheritance tax. In plain language the clause instructs that the dispositive provisions of the will not be executed until after payment of all taxes, including expressly all inheritance taxes. The testator used the most comprehensive language conceivable to describe the taxes that must be paid *before* any distribution to any beneficiaries, specific or residuary:

> all estate, inheritance, succession and all other such death taxes due and imposed on, or in connection with, my estate.

To interpret that all-embracing clause as leaving the inheritance tax burden where the law would place it would be to impute to the testator an irrational intent to crowd his will with surplusage, since testators are presumed to know the applicable law. *National Newark & Essex Bank v. Hart, supra* at 519.

Appellant nonetheless contends that the clause in controversy resembles some that other courts have held insufficient to shift the tax burden. In particular he points to the introductory will provision construed in *In re Grondin's Estate*, 98 N.H. 313, 100 A.2d 160 (1953), which read: "After the payment of my just debts, funeral charges and expenses of administration, taxes, I dispose of my estate as follows." *Id.* at 314, 100 A.2d at 162. That language, however, differs significantly from the provision in the Dickinson will because the unelaborated reference to "taxes" could have meant simply the federal estate taxes, normally paid out of the estate itself. Indeed, in an earlier case the New Hampshire Supreme Court had held that the inheritance tax should be charged to the estate where the testator disposed of his property

> [s]ubject to the payment of my just debts, funeral and administrative expenses, including the payment of all estate, succession, legacy or inheritance taxes or taxes of a like nature which may become due by reason of the provisions of my will and whether imposed by the laws of the United States or of any of the states or of any other jurisdiction.

It is doubtful that the State Tax Assessor was properly named as a party defendant, since jurisdiction for judicial review of his assessment of inheritance taxes is now vested in the Superior Court pursuant to the Administrative Procedure Act, *see* 36 M.R.S.A. §§ 3523, 151 (1978), as amended by P.L. 1977, ch. 694, §§ 709–A, 676; 5 M.R.S.A. § 11001(1) (Supp. 1981). *See Casco Bank & Trust Co. v. Johnson*, Me., 265 A.2d 306 (1970) (no jurisdiction in Superior Court over declaratory judgment action involving an inheritance tax deduction, since at that time the Probate Court had jurisdiction over challenges to State Tax Assessor's assessment of inheritance taxes). That question, however, we do not here have to decide since the presence of the State Tax Assessor as a party is not essential to the maintenance of this action, as it was in the *Casco Bank* case, *supra.*

*Jansen v. Richardson*, 93 N.H. 122, 122, 36 A.2d 629, 630 (1944). In the case at bar the express reference to both estate and inheritance taxes makes it impossible to suggest that Mr. Dickinson had in mind only federal estate taxes. *Jansen* is thus far stronger authority for this case than is *Grondin*. *See also Thomas v. Fox*, 348 Mass. 152, 153, 202 N.E.2d 912, 912 (1964) (estate charged because will directed executor to pay "all inheritance taxes"); *Starr v. Watrous*, 116 Conn. 448, 449, 165 A. 459, 459 (1933) (testamentary direction that executor pay "succession and other taxes" held to shift burden of inheritance tax to estate).

The interpretation reached by the courts below being the only one that the plain meaning of the pertinent will provision will bear, the entry must be:

Appeal denied.

Judgment affirmed.

All concurring.