Cheshire, }
June 2, 1908. }

### KINGSBURY & a., Ex'rs, v. BAZELEY & a.

In the absence of any provision in the will, pecuniary legacies are ordinarily payable at the end of a year from the death of the testator, without interest; and if not then paid, they bear interest at six per cent after the expiration of the year.

A direction in a will, that the executor shall pay from the estate inheritance taxes due upon legacies to individuals, so that the legatees may be benefited to the full amount of their legacies, does not apply to a legacy to persons named as trustees of a fund for charitable purposes.

Where an executor is compelled to pay inheritance taxes imposed by the law of another state in order to obtain possession of property there situate, the amount so paid is not to be deducted *pro rata* from legacies not expressly exempted from such a burden, unless such an intention is disclosed by the will.

BILL IN EQUITY, by the executors of the will of Julia Beatrice Thayer, asking for a construction of the will and advice as to the duty of the executors. Transferred from the October term, 1907, of the superior court by *Chamberlin*, J. The questions submitted are stated in the opinion.

The seventh clause of the will is as follows: " In memory of my sister, Jennie Evelyn Ball, I give and bequeath to my niece, Margaret Chapin Bazeley, and to Mrs. Louis Derr of Brookline, Massachusetts, the sum of one hundred thousand dollars, to be used by them or the survivor of them, or their successors, for the purpose of establishing and maintaining a summer home for poor children and their mothers, or for poor children alone, or for working girls, as in their judgment may be best calculated to promote the welfare of such children, mothers, or working girls."

The eighty-second clause of the will is as follows: " I give the following directions to my executors: In case my estate should prove insufficient for the payment of all the pecuniary legacies and bequests herein given, I direct them to apply my estate first to the payment in full of the legacies given to my relations, second to the payment of the legacies given to other individuals, and third to the payment of legacies and devises to institutions and corporations in such proportions as the residue divided *pro rata* shall suffice for, and this direction is to apply as well to all those legacies given in trust, it being my wish that individuals should be fully paid and that all institutions and corporations named herein should be paid *pro rata* from my estate in case of an insufficiency.  And I further direct that my executors pay from my estate any and all inheritance and succession taxes that may become due upon any legacies given by this will to individuals, so that said legatees may be benefited to the full amount of their respective legacies."

Mrs. Louis Derr, named in the seventh clause of the will, declined to act, and Richard D. Ware was duly appointed in her place.  Other clauses of the will contain pecuniary and specific gifts to individuals for their benefit and in trust for certain persons named, some of whom were related to the testatrix, and to various institutions or corporations for charitable purposes.

*Charles H. Hersey*, for the plaintiffs.

*Richard D. Ware* (of Massachusetts), *pro se*, and for Margaret Chapin Bazeley.

*John E. Allen*, for the town of Winchester.

*Cain & Benton*, for the Keene Humane Society.

PARSONS, C. J.   The questions submitted are: (1) From what time and at what rate is interest payable upon the pecuniary legacies given by the will?   (2) Whether any inheritance or succes-

sion taxes payable upon the bequest made by the seventh clause of the will are a charge against the estate or the legacy? (3) Whether such taxes imposed upon property by other states should be charged as an expense of administration, or deducted *pro rata* from all legacies, as to which such taxes are not expressly by the will charged upon the estate?

Ordinarily, in the absence of any provision in the will as to the time of payment, pecuniary legacies are payable at the end of the year from the death of the testator, without interest; but if not then paid, they bear interest after the expiration of the year. *Loring* v. *Woodward*, 41 N. H. 391, 393; *Rice* v. *Society*, 56 N. H. 191; *Tilton* v. *Society*, 60 N. H. 377, 384. Upon grounds apparently satisfactory to all parties, the superior court ruled that interest on the gift contained in the seventh clause should be limited to the income on certain securities. No exception was taken to this ruling, and no question was transferred for consideration. It is not found that the remaining pecuniary legacies are affected in any way by the same facts, or by a like situation to that which appears to be considered sufficient to authorize the ruling as to this legacy. No other reason appearing for excluding them from the ordinary rule, interest is payable upon them after the expiration of one year after the testator's death, at the legal rate. P. S., c. 203, s. 1.

Whether inheritance or succession taxes are a charge against the estate, or are to be deducted from the several legacies, is a question of intention which the will makes clear as to all legacies to individuals by the concluding sentence of the eighty-second clause: "And I further direct that my executors pay from my estate any and all inheritance and succession taxes that may become due upon any legacies given by this will to individuals, so that said legatees may be benefited to the full amount of their respective legacies." This language has no reference to the legacy given by the seventh clause to Margaret Chapin Bazeley and Mrs. Louis Derr, for the purpose of establishing and maintaining a summer home for poor children and their mothers, for it was not the testatrix's intent that the individuals named as trustees to administer the fund bequeathed by this legacy should be benefited by any part of the fund; consequently the reason given for the payment of the legacy tax upon gifts to individuals, that the "legatees may be benefited to the full amount of their respective legacies," can have no application. In a sense, all the gifts for charitable purposes are gifts for the benefit of individuals; but such gifts are "for the benefit of an indefinite number of persons," and not for particular individuals. Such gifts are not gifts to the individuals, but to the class. The trustees named in the seventh

clause are not within the language of the eighty-second, because the gift is not for their benefit. The individuals for whose benefit the gift is made are also excluded, because the gift is not for individuals, but for a class.

The remaining question, whether succession or inheritance taxes paid in another jurisdiction to get possession of the property for administration by the courts of the state of the testator's domicile are a charge against the estate as expenses of administration, or deductible *pro rata* from the various legacies, is one of greater difficulty. It seems to be an entirely new question. No case is cited in which it has been considered. None has been found in which the precise question has been raised, though it is understood that, in reliance upon the language of the court in considering questions more or less analogous, it is ruled in New York that such taxes are to be deducted from the legacy, and in Massachusetts that they should not be. *In re Swift's Estate*, 137 N. Y. 77; *Hooper* v. *Shaw*, 176 Mass. 190; Leg. & Succ. Tax Mass. (1906) 7, 8. But since it was perfectly competent for the testatrix to provide by will how these charges should be treated, the question must be one of intention. The varying nature of the property, its situation, the character of the gift (whether specific or otherwise), and other evidentiary matters competent upon the ascertainment of the expressed intention, may justify different conclusions from almost identical language. From the nature of the question, no rule can be laid down which will solve all cases.

The inheritance tax imposed upon property distributed through the courts of this state is deducted from the legacy, and is not a part of the expenses of administration. Laws 1905, *c.* 40, *s.* 5. A testator is presumed to have made his will having in view the law of his domicile. *Mann* v. *Carter*, 74 N. H. 345, 350; *Harris* v. *Ingalls*, 74 N. H. 339, 345. Hence, a testator who makes no provision for the payment of such taxes from his estate must have intended the actual benefit to be received by the subject of his bounty to be as much less than the sum named in his will as he is presumed to have known the state would take for itself in executing his expressed wish for the transmission of his property. In a gift of specific personal property located in a foreign state, the amount demanded by such state as the price of the transfer of the title may naturally be a charge against the subject of the legacy,— not because of the testator's presumed familiarity with the law of the jurisdiction where his property is located, but because under that law he has not the power to transfer by will the entire title. The intention apparent from the words of the will is effectuated as near as may be by the transfer of all of the title the testator was capable of transmitting—the title charged with the duty.

Whether the distribution is effected by the state of the domicile or by that of the *locus* of the property, the law of the distribution is that of the state of the domicile. *Mann* v. *Carter*, 74 N. H. 345, 349, 351. A statutory requirement, that unless otherwise provided by the will foreign death duties should be treated as expenses of administration, would as efficiently provide for their payment out of the general estate as an express direction of the will. Similarly, a statute of this state, providing that in the distribution of the estate of a decedent here the same effect should be given to the laws of a foreign state imposing inheritance or succession taxes upon property of the decedent found therein as would be given if the distribution were made under the laws of the state imposing the tax, would also determine the question. In the absence of statutory provisions on the subject, the question seems to be : What force, if any, can be given the foreign law in the distribution under New Hampshire law? This must be the sole question unless there can be drawn from the terms of the will, expressly or by implication, evidence sufficient to justify a conclusion as to the testator's intention.

In a gift of a pecuniary legacy of a certain amount, the apparent intention is to benefit the legatee to the full amount named. If such will is to be administered by the law of a jurisdiction imposing no inheritance tax, or none upon the class to which the legatee belongs, the purpose to transmit the full amount to such legatee would seem clear when the will is read in the light of the law by which it is to be given effect. The conclusion that a less sum was intended, because at the time of the testator's death some portion of his property happened to be within a jurisdiction imposing a tax upon such a transfer, seems strained and illogical. The sole ground upon which the collection of such tax by the state of the *locus* of the property, when different from that of the testator's domicile, can be sustained is the jurisdiction over the property which is given by its *situs*. *Gardiner* v. *Carter*, 74 N. H. 507; *Callahan* v. *Woodbridge*, 171 Mass. 595, 597. To hold that the effect of the foreign law is to reduce the legacy given by the will construed in accordance with the law of the testator's domicile is to permit the foreign law to regulate the testamentary capacity of a citizen of this state. But the foreign law cannot extend beyond the jurisdiction which created it. If the rights in controversy depend upon the foreign law, those rights are determined in accordance with that law. *MacDonald* v. *Railway*, 71 N. H. 448. But when the right involved depends, not upon the foreign law, but upon that of the forum, the foreign law is immaterial and incompetent upon the question at issue. "It is obvious that the state has no jurisdiction over a right of succession which accrues under the law of

the foreign state. That is something in which this state has no interest and with which it is not concerned." *In re Bronson*, 150 N. Y. 1, 8.

As the foreign tax depends upon the jurisdiction over the property and is not sustainable as a regulation of the exercise of testamentary power by the citizen of another state, it follows that the tax is merely a charge upon the particular property and not upon pecuniary legacies given by the will. That the foreign state may regulate the amount of the imposition made by it, or determine whether it will make any at all by the character of the legacies given by the will, is immaterial. Having jurisdiction over the property, it is for such state alone to determine upon what basis it will exact payment. While in giving effect to a foreign will courts are governed by the law of the testator's domicile, it has never been held that in the administration of an estate the courts of the testator's domicile would be governed by the law of the *situs* of personal property. The estate within the control of the court is to be administered according to the law of the state. The property to be administered embraces all that was originally within the state, or which the executor has been able to find elsewhere and bring here. Whatever sums the executor may be obliged to pay to bring the property within the state merely reduce the amount within the control of the court.

No ground can be found, in the absence of a direction either express or implied in the will, for a *pro rata* distribution among all the pecuniary legacies of the sums paid as foreign death duties. On account of some legacies a charge may be made in some states and not in others. A deduction from a legacy on account of a tax imposed on others in a particular jurisdiction would not be supported by any basis of reason. The only method which could be followed would be the division of the legacies into as many classes as were made by the laws of all the states in which property was found, and a division of the sums paid *pro rata* among each class. This would plainly be an administration of the estate according to laws which have no force here, and which cannot, in the absence of legislative authority for such course, properly be followed. The executors have in hand, if they are ready to settle, so much property. The will, construed by the law of this state, directs how the distribution shall be made. The fact that the executors have less than they would have had, except for the demands of jurisdictions to which they were obliged to go to get the property and bring it here for distribution, cannot alter the law of the state or the terms of the will. In the absence of evidence from which a contrary direction can be implied from the will, the amounts deducted by other states before permitting the

transfer of property within their limits to the executor for distribution here (*Greves* v. *Shaw,* 173 Mass. 205, 209) is not property within this state for distribution. The executors are chargeable only for what has come to their hands—the property less the duties paid. If they charge themselves with the full value of the property, a practical method of accounting would permit them to discharge themselves by accounting for the foreign duties paid as expenses of administration.

In the present case there are no facts showing an intention to charge the pecuniary legacies with foreign duties for the benefit of the residuary legatees. "There is a class of cases, where the residuary bequest, by reason of the special circumstances of the case, has been construed as a particular legacy, not liable to fail, except ratably with the other legacies, on account of any unexpected deficiency of the estate, or to be augmented by the unforeseen failure of the other legacies." 2 Red. Wills 447 ; *Dyose* v. *Dyose,* 1 P. Wms. 305. There is nothing in the present case tending to show that the residuary bequest was intended as anything except the ordinary disposal of a residuum which might be left, while the first part of the eighty-second clause establishes that the testatrix considered the possibility that the residuary legatees would receive nothing. In the latter part of the same clause the testatrix directs her executors to pay any and all inheritance and succession taxes that may become due upon any legacies given to individuals. This implies a recognition of the possibility of such taxes and, as to legatees other than individuals, a purpose that the duties legally chargeable upon such legacies should be borne by them ; but as the foreign duties are not due upon the legacies given by the will, but are a deduction from property which may be used in carrying out the purpose of the will, the language is insufficient to require the court to administer the law of all the states in which property may have been found and taxes paid.

*Case discharged.*

YOUNG, J., did not sit : the others concurred.