Strafford Probate Court, }
   Nov. 6, 1951.   }   No. 4061.

IN RE ANNIE HODSDON MOONEY ESTATE.

*Cooper, Hall & Cooper*, for the executor, filed no brief.

*Vincent P. Clarke* and *Pierre Belliveau* of Boston, Massachusetts (*Mr. Clarke* orally), for Morgan Memorial.

*Alfred Gardner* and *James W. Perkins* of Boston, Massachusetts (*Mr. Gardner* orally), for the Deaconess Hospital.

*Sulloway, Piper, Jones, Hollis & Godfrey* for Franklin, N. H. Orphan's Home, filed no brief.

*Rev. G. Bennett Buskirk* for Preacher's Aid Society of N. H. Conference of Methodist Church, filed no brief.

*Murchie & Cofran* (*Mr. Cofran* orally), for N. H. Conference of the Methodist Church.

BLANDIN, J. The issue which we believe is properly before us (*In re Harrington Estate*, decided this day) is whether the testatrix intended the five named legatees in the residuary clause of her will to share equally, or whether she wished the New Hampshire Conference of the Methodist Church to receive twice as much as any of the others. "The question is one of fact to be established by the ordinary test of a balance of probabilities. . . . It is not necessary that there should be freedom from doubt and the balance may be only enough to turn the scales." *Marvin* v. *Peirce*, 84 N. H. 455, 457. Applying this test it seems to us that it is probable the testatrix intended that the residue should be divided equally among the

five named legatees.

Only the interpretation of an equal division among these named beneficiaries is consistent with the first direction in the residuary clause and generally when there is equivocation, the interpretation which is consistent with other provisions of the will should be adopted. See *Roaf* v. *Champlin*, 79 N. H. 219, 224. It is significant that the testatrix knew how to make an unequivocal gift of a full portion to a subsidiary society of the New Hampshire Conference of the Methodist Church when she so desired as evinced by such a gift to the Preacher's Aid Society which is named separately as a beneficiary. She could have done the same with the "Home" and "Foreign" Missions had she so intended. It may also be noted that the word "shares" is used only once. She did not use it when she provided for an equal division among the named legatees though she could easily have said "six equal shares" or used some similar expression to make her desires plain if she wished to give the Conference a full portion for each of the "Home" and "Foreign" Missions.

Lastly, it may be argued that had she intended a division into six equal parts, she would have made separate paragraphs of the provisions relating to the Conference of the Methodist Church. The words "one share," when used in connection both with Home Missions and Foreign Missions are not capitalized. It would appear that what followed after the words "Two shares" was merely explanatory, and was not intended to alter the meaning of the first direction in the residuary clause. This argument is strengthened by the fact that the testatrix knew how to specify the use to which a residuary legatee should put its legacy as shown by the provision, "Deaconess Hospital, Boston, for free beds." This seems to show that what followed the bequest to the New Hampshire Conference was a statement of the use to which the legacy should be put rather than an indication that the amount should be doubled. It is as though she said, "N. H. Conference of the Methodist Church—to be divided into two shares:—one share for Home Missions, one share for Foreign Missions."

In conclusion, we believe it may fairly be said that the balance here tips in favor of an equal division among the five named legatees and the probate court is instructed to divide the residue accordingly.

*Case discharged.*

190

JOHNSTON, C. J., dissented on the point of jurisdiction of the probate court as in the case of *In re Harrington Estate* decided this day: the others concurred.