Merrimack Probate Court,
No. 5060.

IN RE MAY S. WHITELAW ESTATE.

Argued September 5, 1962.

Decided October 31, 1962.

*Orr & Reno* and *Malcolm McLane* (*Mr. McLane* orally), for the executor.

*Ernest R. D'Amours,* Director of Register of Charitable Trusts, *pro se.*

KENISON, C. J. Commentators constantly emphasize the importance and necessity of determining what funds should bear the burden of state and federal taxes and of clearly stating that determination in the will. 2 Casner, Estate Planning (3d *ed.* 1961) 1132-1136; Leach and Logan, Future Interests and Estate Planning 990-991 (1961); Powell, Ultimate Liability for Federal Estate Taxes, 1958 Wash. U. L. Q. 327. The cases in this area demonstrate that the testamentary direction is frequently ambiguous or incomplete. *In re Grondin Estate,* 98 N. H. 313; Annot. 37 A.L.R. 2d 7. The only favorable feature of this situation in New Hampshire is that this court has never been unnecessarily literal in its construction of the testator's purpose even though expressed inartfully in the will. *Jansen* v. *Richardson,* 93 N. H. 122; *In re Lathrop Estate,* 100 N. H. 393; *In re Barnhart Estate,* 102 N. H. 519, 523-524.

The fourteenth clause of the will, which provides that the residue shall be chargeable for all legacy and inheritance taxes, does not specifically mention federal estate taxes. However, it is stated in this same clause that all of the legatees shall receive "the full amount or value of their respective legacies." If this part of the clause is to be given effect it is an indication that the testatrix intended death taxes however denominated should be paid from the residue. There is authority for this proposition. *Buffinton* v. *Mason,* 327 Mass. 195; *Beals* v. *Magenis,* 307 Mass. 547. While there is contrary authority (*Hoffmann's Estate,* 399 Pa. 96; 1960 Annual Survey of American Law 533), there are other circumstances which indicate that this phrase in the context of the whole will was intended to include the federal estate tax. The residuary legatees are the same persons who have been given substantial specific legacies of stocks and securities and if the residue is sufficient to pay the federal and state taxes, such payment will operate to preserve the value of the legacies of stock that the residuary legatees will receive under prior clauses of the will.

New Hampshire adopted the Uniform Estate Tax Apportionment Act, effective as to those decedents dying after October 1, 1959 (RSA ch. 88-A (supp); Laws 1959, *c.* 158), so that it applies to this will. See Scoles & Stephens, The Proposed Uniform

Estate Tax Apportionment Act, 43 Minn. L. Rev. 907 (1959). This act directs that the federal estate tax shall be apportioned among all persons interested in the estate "unless the will otherwise provides." RSA 88-A:2 (supp). While the fourteenth clause of the will is not free from ambiguity, we hold that in the circumstances of this will it was an effective, although not a model method, of providing that the death taxes, state and federal, should be paid from the residue. To phrase the matter differently we hold that this will, in the words of the statute, "otherwise provides" for the payment of the federal estate tax from the residue and the tax is not to be apportioned among all persons interested in the estate. See Sutter, How to Plan for Apportionment of Estate Taxes, in 2 Lasser, Estate Tax Techniques, *pp.* 2137-2168.48 (1962).

RSA 88-A:1 (e) (supp) reads as follows: " 'Tax' means the federal estate tax and interest payable to this state as provided in RSA 87 and any amendments thereof and penalties imposed in addition to the taxes." While this definition of tax is a somewhat puzzling variation from the Uniform Act, it makes no difference in this case since it is clear in any event that it includes the federal estate tax. 9A Uniform Laws Annotated, Uniform Estate Tax Apportionment Act, *s.* 1 (e) "Statutory Notes" *p.* 122 (1961 supp). See 37 A.L.R. 2d 199. If the residue is insufficient to pay the federal estate tax the balance will be deducted and paid from the single noncharitable general legacy, and if that legacy is insufficient then pro rata from the noncharitable specific legacies. *Petition of Cain,* 87 N. H. 318; *Ruel* v. *Hardy,* 90 N. H. 240; 3 American Law of Property, *s.* 14.23 (Casner *ed.* 1952); Annot. 34 A.L.R. 1247.

*Remanded.*

All concurred.