Grafton Probate Court,
No. 5231.

IN RE ANNIE G. CROZIER ESTATE.

Submitted April 9, 1964.
Decided July 1, 1964.

*John F. Cronin* (by brief) for the executor.

*Ernest R. D'Amours,* Director, Register of Charitable Trusts (by brief) pro se.

*William E. Lovejoy* for Alice Peck Day Memorial Hospital, furnished no brief.

KENISON, C.J.  The provision in the first paragraph of the will directing payment of "inheritance taxes out of my estate" is not a model form and contains the seeds of ambiguity. It is not clear whether the quoted clause is to include payment of the Federal estate tax. *Cf. In re Barnhart Estate*, 102 N. H. 519, 523. This is a matter that should not be left to post-mortem planning. 2 Casner, Estate Planning (3d *ed.* 1961) 1132-1139, and 1963 Supplement; Leach & Logan, Future Interests and Estate Planning 990-991 (1961). "The location of the ultimate liability for Federal and state death taxes is of great importance and is too frequently cared for poorly in the instrument creating the trust."  4 Powell on Real Property, *s.* 529, *p.* 171 (1963 supp). See also, Sargent, Sins of Oversight in Wills and Trusts, 30 B. U. L. Rev. 301, 303 (1950); Shattuck & Farr, An Estate Planner's Handbook (2d *ed.* 1953) 250-252. While the Federal estate tax is not a legacy and succession tax (RSA ch. 86) or an inheritance tax (DiBuono, Estate Taxes, 5 N. H. B. J. 53 (1963), it is recognized that the phrase "inheritance taxes"

is frequently construed in its popular and nontechnical sense as the equivalent of an estate tax. *In re Whitelaw Estate*, 104 N. H. 307, 308; *Gratz* v. *Hamilton* (Ky. App.), 309 S. W. 2d 181; 2 Nossaman, Trust Administration and Taxation, *s*. 49.04, *p*. 411.1 (1963). Considering the context of the present will as a whole we conclude the testatrix used the phrase "inheritance taxes" in its popular nontechnical sense. Therefore, the first question transferred by the probate court is answered in the affirmative. *Jansen* v. *Richardson*, 93 N. H. 122.

The second question is whether "inheritance [and estate] taxes, state and Federal, are a charge on the residue of the estate." New Hampshire is one of three states which have adopted the Uniform Estate Tax Apportionment Act, the other states being Michigan and Wyoming. 9A Uniform Laws Annotated, *p*. 162 (1963 supp); RSA ch. 88-A (supp); Laws 1959, *c*. 158. See Scoles & Stephens, The Proposed Uniform Estate Tax Apportionment Act, 43 Minn. L. Rev. 907 (1959). Section 2 of this act provides in effect that death taxes shall be apportioned among all persons interested in the estate "unless the will otherwise provides." RSA 88-A:2 (supp). The provision in the first clause of the will directing payment of inheritance taxes out of the testatrix's estate is not a clear-cut provision that such death taxes should be paid from the residue. See Orr, Some Practical Aspects of Preparing Wills, 6 N. H. B. J. 93, 95, 101 (1964). Nevertheless an examination of the whole will indicates that the testatrix preferred her granddaughter and the specific legatees named in the first five clauses of the will over the beneficiaries in the sixth and residuary clauses. This is particularly apparent in the fifth clause of the will where it was provided that if the granddaughter predeceased the testatrix or before reaching forty, without issue, her share was to go to the charities which were also residuary legatees. It is reasonably clear that the testatrix intended the bequests to and for the benefit of her granddaughter should be paid in full and without being subject to tax, even though the will did not say so in specific terms. The granddaughter survived the testatrix and she and her trustee are to receive the bequests in the third and fifth clauses of the will without deduction of tax. The other specific bequests to friends and relatives and charities are likewise tax free.

Here there is an artless and ambiguous but in the last analysis an effective provision against apportionment of death taxes.

Annot. 37 A.L.R. 2d 7, 110. The second question transferred by the probate court is answered in the affirmative.

*Remanded.*

All concurred.