Merrimack County Probate Court
No. 80-430

## *In re* ESTATE OF RUTH FERNALD HOLST

August 5, 1981

*Upton, Sanders & Smith,* of Concord (*Richard F. Upton* on the

brief and orally), for the plaintiff, Mayland H. Morse, Jr., both as executor (as amicus curiae) and as trustee (as an interested party).

*Orr & Reno P.A.*, of Concord (*Neil F. Castaldo & a.* on the brief and *Mr. Castaldo* orally), for the defendant residuary legatees.

BOIS, J. The question presented is whether the "tax clause" in the decedent's will demonstrates a testamentary intent against apportionment of taxes as provided for under RSA ch. 88-A. The Probate Court (*Cushing*, J.) ruled that:

"[A]ll taxes due the State of New Hampshire under R.S.A. 86:6 on all property passing under the will . . . , [and] all property passing outside of said will including the inter vivos trust be paid out of the residue of the probate estate. The court also rules and decrees that all Federal Estate taxes including the amount due the State of New Hampshire both on property passing under the will . . . and on property passing outside of said will including property passing under the inter vivos trust be paid out of the residue of the probate estate."

We affirm.

Ruth F. Holst, the testatrix, died on March 15, 1979, at the age of 91, leaving no surviving spouse or children. She was survived by one nephew and seven grandnephews and grandnieces. The testatrix provided for these relatives in her will, which was executed in November 1975 and to which a codicil was executed in May 1976. Attorney Mayland H. Morse, Jr., the plaintiff, drafted this will and was named therein as the executor of the estate. He also drafted an inter vivos trust for Mrs. Holst in 1958, which was subsequently amended several times and in which he was named trustee.

In addition to various provisions in the will providing specific bequests to other parties, article THIRD of the will instructed the executor "to cause and allow" the eight surviving relatives "to make alternate selections of such of the articles of my household furniture, jewelry, furs and my real estate as they may care to acquire." Furthermore, in article SIXTEENTH, she gave, devised, and bequeathed "[a]ll the rest, residue and remainder" of her estate to her nephew and grandnephews and grandnieces "in equal shares, share and share alike." Seven of the eight residuary legatees are the defendants in this case. The eighth residuary legatee is the only one who is also a beneficiary of the trust.

Article FIFTEENTH of the will is the only provision in either

the will or the trust that pertains to the payment of taxes, and it states:

> "I authorize and direct my executor to pay from my gross residuary estate, all legacy and succession taxes as may become due or payable by reason of property passing as a consequence of my death so that the sum and amounts specifically set forth, reserved, bequeathed and distributable to a beneficiary shall be not reduced by any tax chargeable to the same."

Mayland H. Morse, Jr., as executor of the estate, petitioned the probate court for construction of the will, particularly regarding those issues concerning the payment of taxes. In a decree dated October 2, 1980, the Probate Court (*Cushing*, J.) ruled that the tax clause in the will provided in effect that all State and federal taxes on the estate, including those on the trust assets, should be paid from the residue of the probate estate. In their brief, the defendants state that they "do not contest that part of the decree which provides for payment, from the residue, of the legacy and succession taxes imposed by RSA 86:6 on the specific and residuary bequests in the will." They do, however, challenge the rulings of the court that the residue of the probate estate should pay all taxes due the State under RSA 86:6 (Supp. 1979) on property passing outside the will, including that which passed under the inter vivos trust, and all estate taxes, including the amount due the State, on all property passing under the will and on all property passing outside the will, including that which passed under the inter vivos trust.

The defendants first argue that the federal estate taxes should be apportioned in accord with RSA ch. 88-A ("Uniform Estate Tax Apportionment Act") because the testatrix did not indicate a contrary intent. RSA 88-A:2 provides that "[u]nless the will otherwise provides," the federal estate tax and the estate tax payable to this State under RSA ch. 87 ("Taxation of Transfer of Certain Estates") "shall be apportioned among all persons interested in the estate." *See In re Robbins Estate*, 116 N.H. 248, 249–50, 356 A.2d 679, 681 (1976); *In re Crozier Estate*, 105 N.H. 440, 442, 201 A.2d 895, 896 (1964). They assert that the inter vivos trust falls within the definition of "estate" in RSA 88-A:1(a), and that, therefore, absent any contrary intent in the will, the beneficiaries of the inter vivos trust are "person[s] interested in the estate," RSA 88-A:1(c), who must bear a proportionate share of the taxes as defined in RSA 88-A:1(e). The plaintiff, on the other hand, argues that both the federal estate tax and the State inheritance tax are chargeable to the

residuary probate estate because the words of Article FIF-TEENTH of the will "are used in their popular, generic and non-technical sense and were intended to apply to all death taxes however denominated," thereby indicating a testamentary intent against apportionment under RSA 88-A:2.

■ ■ Recognizing that an estate tax is not an inheritance tax, *In re Plaisted Estate*, 109 N.H. 350, 351, 253 A.2d 48, 49 (1969); *In re Grondin Estate*, 98 N.H. 313, 315, 100 A.2d 160, 162 (1953), we have held, however, that the federal estate tax is included in the terms "inheritance taxes" and "legacy and inheritance taxes." *In re Crozier Estate*, 105 N.H. 440, 442, 201 A.2d 895, 896 (1964); *In re Whitelaw Estate*, 104 N.H. 307, 309, 185 A.2d 65, 66–67 (1962). Our research discloses that in this State the words "legacy," "inheritance," and "succession" are used interchangeably to include any and all death taxes. *See In re Crozier Estate supra; In re Whitelaw Estate supra; In re Grondin Estate supra; Jansen v. Richardson*, 93 N.H. 122, 123, 36 A.2d 629, 630 (1944); *Kingsbury v. Bazeley*, 75 N.H. 13, 15, 70 A. 916, 917 (1908). We also note that Black's Law Dictionary provides essentially the same meaning for the terms "inheritance tax," "legacy tax," and "succession tax." BLACK'S LAW DICTIONARY 704, 803, 1283 (5th ed. 1979); *see* THE OXFORD UNIVERSAL DICTIONARY ON HISTORICAL PRINCIPLES 1006 (3d ed. rev. 1955); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1163, 1290, 2282 (1961).

Additionally, in *Whitelaw* we noted that "this court has never been unnecessarily literal in its construction of the testator's purpose even though expressed inartfully in the will." 104 N.H. at 308, 185 A.2d at 66. Accordingly, we held that to give effect to that part of the residuary clause which stated that "all of the legatees shall receive 'the full amount or value of their respective legacies,'" the term "legacy and inheritance taxes," which was also a part of the residuary clause, included the federal estate taxes. *Id.*, 185 A.2d at 66. Furthermore, the court stated that this interpretation would preserve the value of the legacies that the residuary legatees would receive through other clauses of the will, thereby effectuating the intent of the testatrix that "*death taxes however denominated* should be paid from the residue." *Id.*, 185 A.2d at 66. (Emphasis added.) In *Crozier* the court found "an effective provision against apportionment of death taxes," concluding that "[c]onsidering the context of the present will as a whole . . . the testatrix used the phrase 'inheritance taxes' in its popular nontechnical sense," thereby constituting "the equivalent of an estate tax." 105 N.H. at 442, 201 A.2d at 896–97.

■ ■ Reading the Holst will as a whole, we conclude that the intent of the testatrix "otherwise provides" for the payment of taxes, thereby precluding the apportionment of the federal estate taxes under RSA ch. 88-A. Given our preference to effectuate the intent of the testatrix by not imposing unnecessarily literal construction to a will, and given the language used in the Holst will, we are not convinced that a strict, literal construction of the term "legacy and succession taxes" is required. Similar to the conclusion reached in *Whitelaw*, we hold that the testatrix' intent in Article FIFTEENTH that "all legacy and succession taxes" be paid from the residuary clause, when read together with the concluding language of that article that bequests and distributive shares to a beneficiary "shall not be reduced by *any tax* chargeable to the same," was to include federal estate taxes so as not to reduce the bequests and shares. (Emphasis added.)

The defendants next argue that all taxes attributable to property passing outside of the will should be apportioned under RSA ch. 88-A, absent a contrary intent. The plaintiff asserts that article FIFTEENTH of the will manifests the testatrix' intent to exonerate the assets of the inter vivos trust from federal estate and State inheritance taxes.

■ ■ In *In re Robbins Estate*, 116 N.H. 248, 251, 356 A.2d 679, 682 (1976), we stated that the "comprehensive designation, unmodified by qualifying language of any sort," was determinative of whether the tax clause applied to nontestamentary assets. We explained:

> "For example, where the will provides in effect that the tax on legacies shall be paid from the residuary estate, the surviving joint owner is not relieved of tax liability, since he does not obtain the property through the will and is not a legatee. Where, however, the tax clause of the will is not limited to those taxes levied with respect to benefits derived under the will, it may be sufficient to exonerate the survivor from the tax and impose the burden on the residuary estate."

*Id.*, 356 A.2d at 679 (citations omitted). Applying this standard, we conclude that the words in article FIFTEENTH, "payable by reason of *property passing as a consequence of my death*" (emphasis added) were sufficiently broad to include property passing under the will and under the inter vivos trust. Furthermore, the term "beneficiary," as included in the phrase of the tax clause "amounts specifically set forth . . . bequeathed and distributable to a *benefi-*

*ciary* shall not be reduced *by any tax* chargeable to the same" (emphasis added), is broad enough to include the beneficiaries of the trust, thereby exonerating them from federal and State tax liability. Accordingly, the probate court was correct in concluding that the taxes due on any nontestamentary property should be paid from the residuary estate.

*Affirmed.*

BATCHELDER, J., did not sit; the others concurred.