ESTATE OF LILLIAN J. LEWIS, DECEASED, B. LOUISE LEWIS-LEMERY, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Lewis v. Commissioner
Docket No. 8574-92
United States Tax Court
T.C. Memo 1995-168; 1995 Tax Ct. Memo LEXIS 162; 69 T.C.M. (CCH) 2396; April 12, 1995, Filed *162 Decision will be entered under Rule 155. For Petitioner: Douglas L. Ingersoll. For respondent: Barry J. Laterman. CLAPP
CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined a deficiency in petitioner's Federal estate tax in the amount of $ 233,927. After concessions, the sole issue for decision is whether the will of Lillian J. Lewis requires that the residuary estate satisfy the Federal estate tax liability. We hold that it does. All section references are to the Internal Revenue Code as in effect at the date of decedent's death, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. We incorporate by reference the stipulation of facts and attached exhibits. Petitioner is the Estate of Lillian J. Lewis, Deceased, B. Louise Lewis-Lemery, Executrix. Lillian J. Lewis (decedent) was a resident of Atkinson, New Hampshire, when she died on May 2, 1988. She was survived by her husband, Ralph A. Lewis, her daughter, B. Louise Lewis-Lemery, and her two sons, Peter A. Lewis and Steven W. Lewis. The executrix of decedent's *163 estate is decedent's daughter, who was also a resident of Atkinson, New Hampshire, at the time the petition was filed. Decedent died testate. She executed her will on August 12, 1980, and executed codicils to her will on May 20, 1983, on June 16, 1983, and on September 18, 1985. Decedent also established the Lillian J. Lewis 1980 Trust on August 12, 1980, and amended it on May 20, 1983 (Revocable Trust). Legal counsel prepared decedent's will, codicils to her will, the Revocable Trust, and the amendment to the Revocable Trust. After various specific devises and bequests, decedent devised the residue of her estate to the Revocable Trust. The Second Clause of decedent's will, as amended by the Second Codicil, provides: SECOND CODICIL
* * * B. I give and devise the following real estate to the persons as so indicated: (i) to my son Peter A. Lewis, or, if he does not survive me, by right of representation to his issue surviving me, the seventeen (17) acres, more or less, with buildings thereon, (the remainder of the purchase from Alexander Little) as contained in the January 15, 1949 deed from Alexander Little to Lillian J. Lewis, Rockingham Deeds Book 1122, Page 383, *164 corner of Sawyer Avenue and North Broadway, Atkinson, New Hampshire. (ii) to my daughter Louise Lewis, or, if she does not survive me, by right of representation to her issue surviving me, the one (1) acre, more or less, parcel of land with buildings thereon, as it is described in "Plan of Land in Atkinson, N.H. owned by Lillian Lewis", dated June 1966, numbered 867 and recorded in Rockingham Deeds at 10:40 a.m. on February 27, 1967, North Broadway, Atkinson, New Hampshire. (iii) to my son Steven W. Lewis, or, if he does not survive me, by right of representation to his issue surviving me, the seventeen and one- tenth (17.1) acres, more or less, with buildings thereon as described in deed dated March 26, 1965 from Milton P. and Gladys G. Wood recorded in Rockingham Deeds Book 1759, Page 376, known as 36 North Broadway, Atkinson, New Hampshire.
The relevant clauses of decedent's will are as follows: THIRD: If my said spouse dies before me, I hereby exercise any power of appointment I may have under the terms of ARTICLE THIRD A of the Revocable Trust executed by my said spouse on the date of and prior to the execution of this Will to the following extent: I hereby *165 direct the Trustee of said trust to pay to my Executor or any Administrator hereof such amount from said trust property over which I have any power of appointment as my Executor or Administrator shall certify in writing to be equal to the amount by which the assets of my estate other than the property passing under the foregoing Article SECOND of this Will shall be insufficient to pay in full the following amounts, namely (a) the total of all estate, transfer, inheritance and succession taxes, * * * (b) all my debts outstanding at the time of my death which may be paid or paid to the extent compromised by my Executor or any Administrator hereof and (c) all expenses incurred in administering my estate. * * * FOURTH: I give, devise, bequeath and appoint all the rest, residue and remainder of all property of whatever kind and wherever situated which I may own or possess at the time of my death or to which I may be in any manner entitled or over which I may have any power of appointment, disposition or control to the Trustee of the Revocable Trust executed by me on the date of and prior to the execution of this Will, to be held upon the terms in said Agreement provided as in existence *166 at the time of the execution of this Will and as it may be amended from time to time. * * * SIXTH: I direct that any inheritance, legacy, succession or estate taxes and duties as determined by compromise or otherwise (including interest and penalties thereon) imposed by any laws of the United States of America or any state thereof or any foreign country now or hereafter in force occasioned by my death whether with respect to property passing under this Will or otherwise and whether payable by my estate or by any recipient shall be paid out of the residue of my estate without apportionment and with no right of reimbursement from any recipient of any such property, provided, however, that nothing herein shall be deemed to limit any obligation or discretion of the Trustee of my above referred to Revocable Trust to contribute to the payment of such taxes and duties; and provided, further, that none of the above payments shall be made from the proceeds of any pension, stock bonus, profit sharing, retirement annuity or other employee benefit plan of which I was a member or proceeds of any policy of insurance on my life if such payments would subject such proceeds to *167 estate or inheritance taxes not otherwise payable.
FIRST CODICIL
* * * I hereby authorize my Executor or any administrator hereof to elect to treat as qualified terminable interest property for Federal estate tax purposes on any Federal Estate Tax Return required to be filed for my estate any or all property includible in my estate which would so qualify if such an election were made. In all other respects my said Will dated August 12, 1980 is hereby ratified and confirmed.
The relevant articles of the Revocable Trust provide: ARTICLE THIRD: AFTER SETTLOR'S DEATH:
After the Settlor's death, the Trustee shall pay over, hold, administer and otherwise deal with the trust property as follows: A. Marital Trust Provisions. Upon the death of the Settlor, if the Settlor's said spouse shall survive the Settlor, the Trustee shall set aside as a separate fund to be known as the "Marital Trust" such an amount as is required to obtain the maximum marital deduction allowable in determining the Federal estate tax on the Settlor's estate * * * diminished by the aggregate value for Federal tax purposes of all property qualifying for the Federal estate tax marital *168 deduction which passes or has passed to the Settlor's said spouse otherwise than under this instrument; provided, however, that if said amount will provide a deduction in excess of the minimum necessary to eliminate any Federal estate tax with respect to the Settlor's estate after taking into account all available credits, then, notwithstanding the foregoing, such amount set aside as the Marital Trust shall equal said minimum. Only assets that qualify for the marital deduction allowable in determining the Federal estate tax shall be allocated to the Marital Trust, and the Trustee shall distribute such assets having an aggregate fair market value at the date, or dates, of distribution amounting to no less than the amount of the Marital Trust as finally determined for Federal estate tax purposes. * * * ARTICLE SEVENTH: ADVANCES TO AND PURCHASES FROM THE SETTLOR'S ESTATE: PAYMENT OF TAXES: A. The Trustee may in its sole discretion pay or advance from the income or principal of the Family Trust * * * to the Executor or other fiduciary of the estate of the Settlor any and all indebtedness owed by the Settlor at the time of the Settlor's death, * * * including all *169 estate, * * * and other death taxes * * * becoming payable because of the Settlor's death * * * together with such other payments or loans as the Trustee in its sole discretion shall deem advisable; provided, however, that in all events the Trustee shall pay from the income or principal of the Family Trust * * * any such taxes attributable to property included in the Marital Trust * * * or to any other property qualifying for the marital deduction * * *.
If her spouse survived her, the trustees of the Revocable Trust were directed to place the assets that qualified for the marital deduction into a Marital Trust and hold the remaining assets in a Family Trust. Petitioner timely filed a "United States Estate Tax Return" showing a total gross estate of $ 6,161,748, and a marital deduction of $ 4,997,625, and a transfer tax of $ 148,237. The estate paid the tax with proceeds of a life insurance policy payable to decedent's Revocable Trust. Respondent disallowed $ 681,999 of the marital deduction. Respondent increased values of certain properties, which did not qualify for the marital deduction, which increased the estate tax. Respondent further determined that the estate *170 tax should be paid out of the residue thereby decreasing the marital deduction and further increasing the estate tax which further decreased the marital deduction, and so on. OPINION Respondent contends that the residue of decedent's estate must bear the burden of the estate tax pursuant to Clause Sixth of decedent's will. Thus, only the portion of the residue that exceeds the estate tax liability qualifies for the marital deduction. Petitioner argues that decedent's children, as devisees, must bear their proportionate burden of the estate tax according to New Hampshire's apportionment statute, thus increasing the residue passing to decedent's husband and qualifying for the marital deduction. We agree with respondent. New Hampshire's apportionment statue directs the apportionment of Federal estate taxes as follows: Unless the will otherwise provides, the tax shall be apportioned among all persons interested in the estate. The apportionment shall be made in the proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate. The values used in determining the tax shall be *171 used for that purpose.
N.H. Rev. Stat. Ann. sec. 88-A:2 (1991). A marital bequest will be free from the apportionment statute if the marital bequest qualifies for a marital deduction under the Federal estate tax law. N.H. Rev. Stat. Ann. sec. 88-A:5(II) (1991). New Hampshire law governs interpretation of decedent's will. Commissioner v. Estate of Bosch, 387 U.S. 456, 465 (1967). Whether estate taxes are chargeable to a surviving spouse's interest is a matter governed by State law. Riggs v. Del Drago, 317 U.S. 95 (1942); Estate of Wycoff v. Commissioner, 59 T.C. 617, 622 (1973), affd. 506 F.2d 1144 (10th Cir. 1974). We look to the will to ascertain the intention of the testatrix. New Hampshire courts interpret the will to effectuate the testatrix' intent if at all possible. In re Frolich Estate, 295 A.2d 448, 452 (N.H. 1972). We look at the will as a whole, including the Revocable Trust, and avoid isolating a specific clause or provision. In re Segal Estate, 218 A.2d 53, 54-55 (N.H. 1966). *172 If the will is ambiguous, we then consider other evidence that may shed light on the testatrix' intent. In re Estate of Sayewich, 413 A.2d 581, 584 (N.H. 1980). New Hampshire courts have not spoken on the matter before us, so we must examine the question as if we were a State court. Commissioner v. Estate of Bosch, 387 U.S. 456, 465 (1967); Estate of Hubert v. Commissioner, 101 T.C. 314, 319 (1993) (Court reviewed). Petitioner argues that decedent's testamentary documents are ambiguous because Clause Sixth of the will conflicts with the first codicil to decedent's will and Articles Third, and Seventh, of the Revocable Trust which reflect decedent's intent to take maximum advantage of the marital deduction. Petitioner concludes that we should effectuate decedent's intent by applying the apportionment statute. In the first codicil, decedent authorized her executor or administrator to elect that qualified terminable interest property (QTIP) qualify for the marital deduction. Congress made the QTIP election available for estates of decedents dying after December 31, 1981. Economic Recovery *173 Tax Act of 1981 (ERTA), Pub. L. 97-34, sec. 403(d) and (e)(1), 95 Stat. 172, 302, 305. Authorizing the executor to make a QTIP election provides flexibility in the administration of decedent's estate, but we do not consider the first codicil probative of an overriding intent by decedent to maximize the marital deduction as petitioner contends. The first codicil did not alter the devises to decedent's children, or the plain unambiguous language of Clause Sixth of decedent's will. As additional evidence that decedent intended to maximize the marital deduction, petitioner focuses on Article Third, paragraph A, of the Revocable Trust including the first amendment to the Revocable Trust which provides that the "Reference in paragraph A of Article THIRD to the maximum marital deduction for Federal Estate Tax purposes shall mean the unlimited marital deduction as provided under Sec. 403 of the Economic Recovery Tax Act of 1981 as amended." Article Third, paragraph A, of the Revocable Trust coordinates the marital deduction with the unified credit, after the devises to decedent's children. We do not interpret Article Third, paragraph A, as an attempt to place the liability for estate *174 tax on decedent's children in order to produce a larger marital deduction. The amendment to the Revocable Trust specified that the maximum marital deduction "shall mean the unlimited marital deduction". Prior to the enactment of ERTA, the maximum estate tax marital deduction was limited to the greater of $ 250,000 or one-half of decedent's adjusted gross estate pursuant to section 2056(c)(1)(A) as in effect for 1980. Congress realized that the unlimited marital deduction could disrupt distribution schemes contained in wills executed or trusts created prior to the enactment of ERTA. Congress, therefore, devised a transition rule for those wills and trusts that contain a formula expressly providing that the spouse is to receive the maximum amount of property qualifying for the marital deduction. Pursuant to the transition rule, such a formula clause would not preclude the availability of the unlimited marital deduction if the formula clause was amended to refer specifically to an unlimited marital deduction. ERTA sec. 403(e)(3), 95 Stat. 305. . We conclude that decedent amended the Revocable Trust to comply with the transition rule and to ensure that the unlimited marital deduction *175 was available to her estate without intending in any way to override the clear language of Clause Sixth. Clause Third of decedent's will also indicates that decedent did not intend that the devises to her children be the source of funds for payment of estate taxes. Clause Third excludes the devises under Clause Second of decedent's will as a source of funds for payment of taxes, debts, and administrative expenses . Instead, decedent's probate estate and property over which she had a power of appointment were to absorb the specified expenses. We interpret this Clause Third as further evidence that decedent intended that the real estate passing under Clause Second of the will would not be responsible for the estate tax. Petitioner argues that Article Seventh of the Revocable Trust conflicts with Clause Sixth in the will. We look to harmonize the relevant provisions, if possible, and avoid an interpretation that results in conflict. In re Mooney's Estate, 84 A.2d 175, 176 (N.H. 1951). We find no patent ambiguity in Clause Sixth of decedent's will, which contains mandatory language directing that estate taxes be paid out of the residue of decedent's *176 estate without apportionment. Article Seventh of the Revocable Trust contains both discretionary and mandatory language. The trustee is given discretion to pay or advance from the Family Trust to the fiduciary of decedent's estate funds to pay any taxes, indebtedness, or administration expenses. The mandatory language directs that "in all events the Trustee shall pay from the income or principal of the Family Trust * * * any such taxes attributable to property included in the Marital Trust * * * or to any other property qualifying for the marital deduction". These provisions reflect decedent's intent to have the residue of the probate estate absorb the estate tax with the Family Trust absorbing any excess. Respondent allocated the estate tax burden in that manner. Respondent determined that, pursuant to Clause Sixth of the will, the residue of decedent's probate estate is liable for the estate tax generated by the devise to decedent's children. We conclude that Clause Sixth of decedent's will does not conflict with the terms of the Revocable Trust. Petitioner argues that decedent intended the Family Trust to bear the estate tax burden but the estate plan "failed" to fund the *177 Family Trust. Petitioner concludes that, under these circumstances, statutory apportionment is required under New Hampshire law. Petitioner relies on In re Estate of Thompson, 386 A.2d 1280 (N.H. 1978), as authority. In Thompson, testatrix executed a will, a trust, and a trust amendment. Shortly before her death testatrix transferred substantially all her intangible personal property, valued at $ 4,072,707 for Federal estate tax purposes, to the trust. Testatrix' will disposed of her personal effects and tangible personal property to members of her family and legacies to named individuals. Testatrix' will directed that death taxes be paid out of the residue and not be apportioned. [1] However, the residue of the probate estate was insufficient to pay the estate taxes. The bulk of testatrix' taxable estate consisted of nonprobate property such that all legacies would abate entirely if the probate estate was charged with the burden of all death taxes. The court held that the apportionment statute applied, to the persons interested in the nonprobate as well as the probate property, to the extent that the residue was insufficient to pay the taxes. *178 The court reasoned that -- If the testatrix' direction that taxes be paid from the residue and not be apportioned were construed as ousting the apportionment statute entirely, a clause intended to spare the legatees from suffering any deduction in their legacies would operate to deprive them of their legacies entirely. [In re Estate of Thompson, supra at 1283 (emphasis added).]
We conclude that if called upon to resolve the case at bar, the Supreme Court of New Hampshire would find that the will was unambiguous *179 and that decedent intended to spare the devisees from suffering any deduction in their respective devises. Thus, we conclude that the apportionment statute does not apply here, where the residue of decedent's probate estate is sufficient to pay the estate tax. Petitioner next argues that the ambiguity and conflict in the will and trust provisions justifies consideration of extrinsic evidence to resolve the conflict. Although we have found that the provisions in the will and trust are not ambiguous and conflicting, we address petitioner's other arguments. Petitioner suggests that decedent underestimated the value of the real estate devised to her children at $ 100,000 aggregate value (as opposed to the estate tax value in excess of $ 900,000); therefore, she did not anticipate any estate liability if she predeceased her husband, and we should make it so. Based on actual values, the preresiduary dispositions triggered an estate tax liability the burden of which fell on the residue of decedent's probate estate pursuant to Clause Sixth. Petitioner, in effect, asks this Court to ascertain not what decedent actually intended, but what she might have intended if she knew that her death *180 would generate the estate tax liability at issue. See In re Estate of Dumas, 379 A.2d 836, 838 (N.H. 1977). Petitioner offered no convincing evidence that decedent, had she anticipated the facts of this case, would have chosen the devisees to bear the estate tax burden as opposed to her residuary probate estate. For the reasons already discussed, we conclude that decedent intended the estate plan to operate as written and as construed by respondent so that decedent's children receive the full value of the property devised under decedent's will. Petitioner's next argument is that the executrix may choose to follow decedent's instructions to produce the maximum marital deduction, and in so doing, not follow the instructions in Clause Sixth of the will directing that the tax be paid from the residue. As noted above, we have found no overriding command in decedent's will or Revocable Trust directing the executrix of decedent's estate to maximize the marital deduction at the expense of other devises pursuant to the apportionment statute. Petitioner's observation that the children consented to the application of the apportionment statute is beside the *181 point. The children will eventually get whatever is left in any event. Respondent is the only loser, which makes the consent easy and irrelevant. Petitioner argues strenuously that since the residue was turned over to the Revocable Trust, which in turn allocated it entirely to the Marital Trust, both the residue and the Family Trust were penniless, which called into play the apportionment statute. The reality is that the estate had the money to pay the taxes pursuant to Clause Sixth, and it cannot change the rules merely by putting the money in another pocket. This is analogous to the child who murdered his parents pleading for mercy because he was an orphan. We conclude that decedent's will requires that the residuary estate satisfy the Federal estate tax liability. To reflect the foregoing and the concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. The will clause in In re Estate of Thompson, 386 A. 2d 1280, 1282 (N.H. 1978), provided: I direct that all legacy, succession, inheritance and estate taxes or taxes of that nature which may be payable by reason of my death be paid out of the residue of my estate as expenses of the administration thereof and not be apportioned, and I give to my executors full power and authority to pay, compromise and settle, or otherwise adjust any of such taxes * * *.↩